THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HOWARD MARTIN, Appellant.

County Court, Monroe County, February 6, 1953.

*Fudeman & Renaldo* for appellant.

*Clarence J. Henry, District Attorney (Alan M. Hill* of counsel), for respondent.

O'MARA, J. The defendant appeals from a judgment rendered in a Justice of the Peace Court in the town of Chili convicting him of the crimes of driving a motor vehicle while in an intoxicated condition in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law and reckless driving in violation of section 58 of the Vehicle and Traffic Law.

The defendant maintains, according to his appeal affidavit, that the convictions should be reversed upon the ground that he was not properly advised of his rights at the time of arraignment and especially in connection with the mandatory requirements of section 699 and section 335-a of the Code of Criminal Procedure. The defendant further maintains in his appeal affidavit that his conviction was brought about as the result of an alleged plea of guilty.

According to the return filed by the Justice of the Peace, the defendant was charged on December 24, 1952, in separate informations with having committed the crimes in question on the said date. It appears further from the return that the defendant was immediately brought before the Justice by the arresting officer at which time he was advised of his rights as follows: " The defendant advised of all his rights, including right to a jury trial and an adjournment to procure a lawyer if he wished and also advised of the fact if he pleaded guilty or found guilty of the charge of Driving While Intoxicated the Motor Vehicle Bureau would revoke his license and if he pleaded guilty or found guilty of Reckless Driving the Motor Vehicle

Bureau might suspend or revoke his license and a plea of guilty was the same as a conviction after trial.''

The return of the Justice further discloses that the defendant entered a plea of not guilty and that a trial was forthwith had with sworn testimony being given by the arresting officer and by the defendant. Upon the conclusion of the trial the defendant was found guilty of both of the crimes charged and a fine of $25 was imposed on each charge. It is further disclosed by the filed return that no minutes were taken of the trial.

In reviewing an appeal from a conviction had in a Justice of the Peace Court, this court is apparently limited as a matter of law to the claims of error as set forth in the appeal affidavit and the only error raised by the defendant in this case being limited to the failure of the Justice to properly advise the defendant of his rights at the time of arraignment, the legality of the convictions must be determined upon the claimed failure of the Justice to properly inform the defendant of his rights.

Among other things, section 699 of the Code of Criminal Procedure provides that upon arraignment the magistrate must immediately inform the defendant of the charge against him. This is a mandatory requirement and it does not appear from the Justice's return that the defendant was so informed. The words, '' the defendant advised of all his rights '' cannot be considered as a sufficient compliance of the statute requiring the magistrate to inform the defendant of the charge against him. It therefore follows that the judgment of conviction must be reversed.

It is believed that it might be helpful to point out other defects in the record on appeal which in the interest of justice would require the judgment of conviction to be reversed even though not raised in the appeal affidavit. The information charging the crime of driving while intoxicated is fatally defective and for the reason that it fails to set forth the facts constituting the said crime. It merely charges the defendant with having violated the provisions of subdivision 5 of section 70 of the Vehicle and Traffic Law. (See *People* v. *Grogan,* 260 N. Y. 138.)

In the absence of an official stenographer, the Justice was charged with the duty to keep proper minutes of the trial. It appears from the Justice's return that no such minutes were kept. If this failure were set forth as an error in the proceedings, it would result in a reversal of the conviction and for the obvious reason that this court would be unable to pass upon

the facts presented during the course of the trial for the purpose of determining the legality of the conviction. If a Justice of the Peace sees fit to proceed with a trial without an official stenographer, he must maintain an accurate record in his docket of the names of the witnesses and the facts to which they testified. The Justice could, however, at least in this county, relieve himself of this labor by merely requesting the presence of the official stenographer provided for his use through the good offices of the District Attorney of Monroe County.

In connection with the facts in this case, I think it might be further helpful to point out that no defendant charged with the serious crime of driving a motor vehicle while in an intoxicated condition should be subjected, upon his arraignment, to a forthwith trial with or without counsel. Under such circumstances the Justice should merely advise the defendant of the charge against him, set bail and adjourn the proceedings to a day certain and preferably to a date upon which his court will be in regular session. This procedure would permit the Justice to have present on the adjourned date not only the official stenographer but the assistant district attorney who is assigned in this county to prosecute criminal charges in our Justice of the Peace Courts. A defendant charged with being intoxicated to such an extent as to impair his judgment or his ability to operate an automobile is in no condition either physically or mentally to stand trial while in such condition. This is borne out from the defendant's affidavit in connection with this appeal for it is his apparent recollection that no trial was had and that his conviction came about as the result of a plea of guilty.

The procedure herein outlined should be followed by the Justices of the Peace in all cases in which the defendant is charged with a serious violation of the penal statutes of this State. I might add that there is nothing unique about the suggested procedure for it has been effective in Monroe County for the past fifteen years. Even in connection with minor offenses below the grade of a misdemeanor or those involving traffic infractions, the Justices could save themselves a lot of trouble and inconvenience by insisting that the arresting officers issue to the person who commits a minor offense or traffic infraction the '' Notice to Appear '' returnable on a date upon which the particular Justice's Court will be in session and at which time the assistant district attorney and the official court stenographer will be present. Printed booklets containing

forms of the " Notice to Appear " are available to all enforcement officers in this county. This procedure likewise was initiated in this county fifteen years ago and it is suggested for the convenience of all concerned, especially the Justices of the Peace, that it be adhered to.

I have come to the conclusion based upon all the facts and circumstances in connection with the defendant's conviction that the said conviction as a matter of law and in furtherance of substantial justice should be and hereby is reversed, the fines remitted and the informations dismissed.

Submit order accordingly.