THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANLEY DENNIS, Appellant.

County Court, Suffolk County, August 27, 1954.

*Morris & Mitchell* for appellant.

*Harry C. Brenner, District Attorney,* for respondent.

MUNDER, J. This is an appeal from a judgment of conviction in the Court of Special Sessions in the town of Islip for violations on four counts of article XVI of the amended Zoning Ordinance of the Town of Islip.

The alleged errors upon which the defendant's appeal is based seem to resolve themselves into one issue, the proper construction of the word " erected " as it appears in the context of article XVI of the revised Zoning Ordinance. The defendant contends, in his brief, that by moving three buildings and a trailer onto his property, he did not " erect " same within the meaning of the ordinance.

Though penal statutes should be strictly construed in favor of persons charged with violations thereof, the primary object of all statutory construction is the intent of the Legislature, and no penal statute should be so construed as to result in a perversion of that intent. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 272.) The ordinance here involved is, on admission of the defendant, one designed to promote the public welfare. " It is a general rule that statutes designed to promote the public good will receive a liberal construction and be expounded in such a manner that they may, as far as possible, attain the end in view ". (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 341.) Here it was the clear intendment of the legislative body to prohibit, insofar as possible, the existence of all buildings not in conformity with the provisions of their Zoning Ordinance.

Among the more common dictionary definitions of the verb " to erect " is " to set up ". Furthermore, the term " erection " implies a structure superimposed upon the land. (See *People ex rel. Williams* v. *Kingman,* 24 N. Y. 559, 564.) Unquestionably the defendant herein " set up " and " superimposed " the buildings on his land without the permission required by the Zoning Ordinance. Whether they were " set up " in one piece at one time or in several pieces over a period of time seems entirely immaterial to a proper interpretation of the ordinance.

Judgment of conviction affirmed.