THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT TREPEL et al., Defendants.

Court of General Sessions of County of New York, December 7, 1954.

*Frank S. Hogan, District Attorney (Eugene Lieman* of counsel), for plaintiff.

*Harris B. Steinberg* for Albert Trepel, defendant.

CAPOZZOLI, J. The defendant, together with others, was indicted by a Grand Jury of New York County on seven counts. Count one charges the crime of conspiracy. Counts two, three, four, five and six charge crimes of soliciting business on behalf of an attorney, in violation of section 270-a of the Penal Law. The last count charges the crime of employment by attorney of a person to assist in solicitation of legal business, in violation of section 270-d of the Penal Law.

The defendant has demurred to counts two, three, four and five and argues that these counts are bad for duplicity, in that each charges more than one crime, thereby violating sections 278 and 279 of the Code of Criminal Procedure.

Each of the last-mentioned counts charges the defendant with a violation of section 270-a of the Penal Law on two separate dates, one date in 1952, and another in 1954. On the oral argument it was admitted by the People that each count refers to alleged solicitation of only one case, in spite of the allegations of two different dates.

A reading of the counts under consideration necessarily leads one to believe that each individual count charges the defendant with having solicited legal business on two different occasions. The information which dispels this impression was given orally, during the argument. This, however, is of no aid in sustaining the indictment because the indictment must necessarily be construed on the basis of its own wording, not supplemented by oral information.

Therefore, the court must conclude that the counts attacked by the demurrer are bad and the demurrer must be sustained, as this is the only and exclusive remedy which the defendant has against this defect. (*People* v. *McCarthy,* 110 N. Y. 309.)

The case of *People* v. *Kane* (43 App. Div. 472), cited by the People in opposition to the demurrer is not in point. In the latter case there was no question as to the fact that just one date was charged and not two. Therefore, the reasoning employed by the court in that case simply does not apply in the case at bar.

Evidently the People realize that if the earlier date of 1952 were the only date alleged in these counts, then the Statute of Limitations would apply. However, even if the Statute of Limitations will prevent finding of a new indictment on these various counts, a demurrer for duplicity must be sustained. (*People* v. *Goldner*, 70 Misc. 199.)

The People request, in the event the court finds the counts under consideration defective, that the court permit the People to amend each of these counts by eliminating therefrom all references to dates in the year 1952. They cite section 293 of the Code of Criminal Procedure as authority for granting this request.

Section 293 reads in part as follows: " Upon the trial of an indictment, when a variance between the allegation therein and the proof, in respect to time * * * shall appear, the court may, in its judgment * * * direct the indictment to be amended, according to the proof ".

In *People* v. *Goyette* (282 App. Div. 980), the court held that an amendment of an indictment upon arraignment of a defendant is not authorized and that such amendment could only be considered upon the trial and according to proof. (Also, see *People* v. *Hooter*, 282 App. Div. 398.)

In view of the authorities the court is without power to grant the application of the People to amend each of the counts in the manner outlined above. There is no trial before the court and no proof has been received. Hence the provisions of section 293 of the Code do not apply.

Demurrer to counts two, three, four and five is allowed and the People are given permission to resubmit the matters covered by these counts to another Grand Jury.