subsequently made, by the trial court, on motion of the plaintiff, granting a new trial. Order unanimously affirmed, with one bill of costs to respondent to abide the event. No opinion. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR BICKEL, Appellant.— Defendant appeals from a judgment of a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Queens, convicting him of a violation of section 643a–9.0 of the Administrative Code of the City of New York for failure to comply with an order of the commissioner of housing and buildings of the City of New York, and from a decision and intermediate orders. Judgment unanimously affirmed. No opinion. Appeal from decision dismissed. No appeal lies therefrom. No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAN CASTRILLO, Appellant.— Defendant appeals from a judgment of a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Queens, convicting him of a violation of section 643a–9.0 of the Administrative Code of the City of New York for failure to comply with an order of the commissioner of housing and buildings of the City of New York, and from a decision and intermediate orders. Judgment unanimously affirmed. No opinion. Appeal from decision dismissed. No appeal lies therefrom. No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CONFORTI, Appellant.— Judgment of the County Court of Putnam County, convicting appellant, after trial, of the crime of manslaughter in the first degree and imposing sentence, unanimously affirmed. If it be assumed that it was error to permit the witnesses, a physician and a detective, to state their opinions, the former that the deceased was shot while in bed and the latter that it was impossible for her to have shot herself (see *People* v. *Creasy*, 236 N. Y. 205, and *Kennedy* v. *People*, 39 N. Y. 245), defendant's guilt was clearly established by the other proof in the record, and the error was inconsequential and did not affect the substantial rights of appellant (see Code Crim. Pro., § 542). The instruction by the court to the jury, in one particular instance, that the People did not have to prove appellant's guilt beyond all reasonable doubt obviously was an inadvertence and did not mislead the jury, in the light of the fact that the court had just before that fully and accurately stated the rule concerning reasonable doubt. No exception was taken to this instruction and is not to be doubted that, had exception been taken, the court would have corrected the inadvertence. No separate appeal lies from the order denying the motion for a new trial, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.