James D. Hurley, J.
This is an appeal from the conviction of the above-named defendant upon his plea of guilty before Carl H. Yotter, Justice of the Peace of the Town of Huron, to a charge of driving while intoxicated.
*215 It is the contention of the defendant that the information upon which he was arraigned was insufficient in law to give the court jurisdiction to arraign the defendant and that the plea of guilty could not give the court such jurisdiction and was in effect a nullity.
The information, after formally reciting the charge of driving while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York continues as follows: “ by wrongfully, unlawfully, willfully and knowingly did drive & operate a 1947 Ford bearing N. Y. Beg. WA 5723 in a northerly direction along the Lummisville Bd, a public highway, while in an intoxicated condition. To wit defendant operated said vehicle in such a manner as to go the east shoulder & into a ditch, he then staggered from his vehicle on to the lawn of a local resident & became sick, defendant then fell asleep on the lawn. ’ ’
Except for the statement that the defendant staggered from his vehicle, became sick and fell asleep on the lawn, there are no facts whatever showing that the defendant, at the time he drove the automobile, was in an intoxicated condition. While those facts might indicate that the defendant was intoxicated, they could be equally consistent with an assumption that he might have been injured when driving the car into the ditch.
In the return of the Justice, it appears that the defendant was arraigned on August 12, 1956 at 10:35 p.m., although the information charges the commission of the offense at 3 o ’clock in the afternoon, some seven and one-half hours earlier. Such a long delay between the time of the apparent arrest and the arraignment definitely constitutes a violation of the rights of a person arrested and should not be countenanced by the courts. It is interesting to note that in the return, the Justice states that at the arraignment that the defendant asked permission to leave the room as he was going to he sick. It would be as logical to presume that his sickness before the Justice some seven and one-half hours after the alleged crime was the result of an intoxicated condition as it would be to presume that his sickness at the time of the alleged crime was due to intoxication.
While the information advised the defendant of the charge against him, and the time and place of the alleged crime, it failed to state facts indicating that at the time and place set forth in the information the defendant was intoxicated while driving Ms automobile. (People v. Grogan, 260 N. Y. 138.)
The conviction should be reversed and the fine remitted.
Submit order accordingly.