Milton A. Wiltse, J.
Defendant was convicted upon a plea of guilty of the crime of driving while intoxicated, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, before the Honorable Herbert O. Winters, Justice of the Peace of the Town of Watertown, in this county, on August 11, 1958.
From the judgment of conviction, the defendant has appealed. He, apparently, relies mainly in support of his appeal, upon the claim that the information did not state facts constituting the crime of which he was convicted, and that, therefore, said information was a nullity, and the court did not have jurisdiction of the proceedings. If that should be found, of course, it would be necessary to reverse the judgment of conviction, and dismiss the information, even though a plea of guilty was entered.
The pertinent portions of the information upon which such specification of error are to be determined, read as follows: “ That one John Bachner on the 10 day of Aug, 1958, at the Watertown Center, in the Town of Watertown, County of *140 Jefferson, N. Y., at about 9:58 o’clock in the Afternoon of said day, did commit the crime of Driving while intoxicated in viol, of Sect. 70, Sub, 5, of the V. T. law of the State of New York against the person or property of the people of the state of New York by wrongfully, unlawfully, wilfully, and knowingly Did at said time and place drive a Chevrolet sedan Beg. WB7277 on Bt 11 Watertown Center at a high speed and struck another car Beg. 584674 Defendant was asked to get out of his car when he did he Staggered as he got out, Defendants speech was thick and incoherent, his breath smelled of alcohol and his eyes were glassy.”
That part of subdivision 5 of section 70 of the Vehicle and Traffic Law, with which we are here concerned, reads: “ Operating motor vehicle or motor cycle while in an intoxicated condition. Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor. ’ ’
The information under consideration here is distinguishable from those that were the subject of the decisions in People v. Garter (5 Misc 2d 214) and People v. Martin (203 Misc. 876) and the cases cited therein. In the Martin case, the court said, referring to the information (p. 878): “ It merely charges the defendant with having violated the provisions of subdivision 5 of section 70 of the Vehicle and Traffic Law.” In the Garter case, the court held, that the information did not sufficiently set forth facts constituting the crime. In the instant case, there was considerably more factual material in the information, in addition to stating the crime with which the defendant was charged, than was the situation in either of the cases referred to.
It is believed, even though the verbiage and form of this information might have been different, that it does sufficiently state the crime with which the defendant was charged, and that the description of the acts, and appearance of the defendant, that were relied upon by the informant to constitute the crime, are sufficient. Therefore, it is held, that the court had jurisdiction of the proceedings. (Code Crim. Pro., § 764; also People v. Hawk, 268 N. Y. 678.)
The defendant also sets forth in his affidavit on appeal, alleged errors that occurred at the time of the arraignment of the defendant, among them being, that he was not advised ‘ ‘ that his right to operate a motor car, or motor cycle was subject to suspension, or revocation as required by law”, “that the said Justice also failed to advise the said defendant of his right to Counsel at any stage of the proceedings, or before any *141 further proceedings are had”; and other statutory safeguards provided for a defendant upon arraignment.
Those specifications are controverted by the return.
The judgment of conviction is affirmed in all respects.
The District Attorney is respectfully asked to prepare an order to conform with the above, and to serve a copy of same upon the attorney for the defendant after entry thereof.