Benjamin Gassman, P. J.
Defendant appeals from a judgment of conviction of the Magistrates’ Court. Defendant was found guilty of violating section 436-1.0 of the Administrative Code of the City of New York, in that he maintained a cabaret without a license and permitted dancing therein.
The defendant is the owner of a bar and grill. The only witness called by the People was a police officer, who testified that on June 21, 1958, at 1:45 a.m. he observed two couples dancing on the ‘ ‘ dance floor ’ ’ to the music of a juke box. He stated that he then ‘ ‘ got the owner who was behind the bar at the time and issued him a summons for such ”. He testified further: “ Q. What type of dance floor do they have in this establishment? A. Just a regular floor. Q. Is it a dance floor? A. Well, you could dance on it”. He described the “dance floor ’ ’ as being about 12 or 15 feet by 8 feet, with tables encircling it. He observed this dancing by the two couples ‘ ‘ for about five minutes from the outside and about three minutes inside ’ ’. There were about 20 people in the premises at the time.
The defendant testified that he did not permit dancing in his premises and that he had four signs posted prohibiting dancing. He denied that any dancing took place in his bar and grill.
The learned City Magistrate, in finding the defendant guilty, stated that a question of fact was presented as to whether the police officer or the defendant told the truth and he chose to believe the officer.
In our opinion, the question before us is not whether the officer or the defendant told the truth. Accepting the officer’s testimony as true, the judgment of conviction must, nevertheless, be reversed, as a matter of law.
Section 436-1.0 of the Administrative Code, which the defendant is charged with violating provides: “ b * * * It shall be unlawful for any person to conduct, maintain or operate, or engage in the business of conducting, maintaining or operating, a public dance hall, cabaret or catering establishment unless the premises wherein the same is conducted, maintained or operated *354 are licensed in the manner prescribed herein.” That section defines “ cabaret ” as “ any room, place or space in the city in which any musical entertainment, singing, dancing or other similar amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink.”
Before the defendant could be convicted of violating the above section of the Administrative Code, the People had to establish beyond a reasonable doubt that the defendant either (1) conducted, (2) maintained, or (3) operated a public dance hall or a cabaret. The record before us does not meet that test.
Webster’s Universal Dictionary defines “conduct” — as “ to introduce, to manage, to command”; the word “maintain” — as “ to support, to sustain, to uphold ’ ’; and the word11 operate ’ ’ — as “to effect, to produce, to accomplish, to set or keep in operation or activity, to superintend”. Punk & Wagnall’s Standard Dictionary defines “conduct” — as “to manage, carry on, control, direct ”; the word “ maintain ” — as “ to carry on or continue”; and the word “operate” — as “to put in action, cause to function, to supervise the working of, to run, to act or work continuously ”. Taking the police officer’s testimony as truthful, the record fails to show convincingly that the defendant “conducted”, “maintained” or “operated” a cabaret. All that we have before us is an isolated instance of two couples (out of 20 persons in the bar and grill) dancing for eight minutes to the music of a juke box, despite the prohibition contained in four signs. There is no testimony that the defendant knew that the two couples were dancing, nor that the officer called his attention to the dancing. Hence, there is no testimony that the defendant permitted or sanctioned such dancing.
The City Council, in passing section 436-1.0 of the Administrative Code did not intend to say that the owner of a bar and grill, a restaurant, a soda fountain or a luncheonette is guilty of an offense if a patron should suddenly start out dancing in his establishment. The statute contemplated that one who holds himself out as operating a cabaret or a place where public dancing is permitted must obtain a license therefor, and that failing to do so, he will be held to answer for a violation. In this day and age, many restaurants and bars and grills have mechanical musical devices, operated by the insertion of a coin. The statute did not contemplate that such places be required to obtain cabaret licenses. Unless the proprietor of such a place of business permits or acquiesces in public dancing, he is not required to obtain a license. Certainly such a proprietor cannot *355 be held responsible for tbe unauthorized acts of his patrons and there is nothing in the statute that suggests that he should be.
Had the evidence disclosed dancing by patrons on a number of occasions, it might have been held that he permitted such dancing and acquiesced therein. However, all we have here is an isolated instance of two couples dancing for eight minutes in violation of the posted signs and without any proof that the defendant knew that they were dancing or acquiesced in their doing so.
In People v. Appuhn (Court Spec. Sess., Appellate Part, Docket 16-K-40, Nov. 26, 1940, Bayes, P. J., De Luca and Salomon, JJ.,) this court said: “ The testimony of the officer does not establish more than casual dancing to music from a coin phonograph operated by coins inserted by customers. "We think the statute requires more to be shown than appears in this case. Accordingly, the judgment should be reversed and the complaint dismissed ”.
In People v. Post (Court Spec. Sess., Appellate Part, Docket 62-N. Y.-43, April 12, 1944, Bayes, P. J., Flood and Troy, JJ.) this court said: “ Judgment reversed and the complaint dismissed. We are of the opinion that the guilt of the defendant was not established beyond a reasonable doubt. A ‘ cabaret ’, as defined by section 436-1.0 of the Administrative Code means ‘ any room, place or space in the city in which any musical entertainment is permitted in connection with the business’ etc. It does not appear from the evidence herein that the dancing was permitted within the meaning of the statute ”.
In People v. Goodman (Court Spec. Sess., Appellate Part, Docket 2-M-56, April 18, 1956, Kozicke, P. J., Impellitteri and Silver, JJ.), the police officer testified that he observed two couples dancing at separate intervals in the defendant’s bar and grill; that they danced in front of the bar to juke box music, and that the defendant was in the premises and that “ he may have conversed with the people dancing. Each couple danced at least one complete juke box number ”. The City Magistrate found the defendant guilty and this court reversed the judgment and dismissed the complaint.
The judgment of conviction herein should be reversed and the complaint dismissed on the law.