Milton A. Wiltse, J.
The defendant-appellant was convicted by a jury, before the Honorable Howard Splete, Police Justice of the Village of Carthage, New York, on November 18, 1957, of violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, leaving scene of accident without reporting.
That portion of the aforesaid subdivision of said section, with which we are here concerned, reads as follows: “Any person operating a motor vehicle or motor cycle who, knowing that damage has been caused to the real property or to the personal property, not including animals, of another, due to * * *
accident, leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer nor the person sustaining the damage is present at the place where the damage occurred then reporting as soon as , physically able the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor.” (Italics added.)
Defendant seeks to have the judgment of conviction reversed. He relies upon several alleged specifications of error that are set forth in the affidavit on appeal.
The contentions mainly relied upon are that the information was defective and should have been dismissed by the Police Justice upon motion of defense counsel; and that the evidence in the case did not establish that the crime charged had been committed. As to the latter contention, he alleges that the Police Justice committed error in denying defense counsel’s motion to dismiss the information on that ground at the close of the People’s ease, and again at the close of all of the evidence; and that the the verdict of the jury was against the weight of the credible evidence in the case.
As to the contention with regard to alleged error on the part of the Police Justice in denying the motion to dismiss the information upon the claim that it was defective, the information was sworn to before said Police Justice by Officer Francis W. Clark of the Carthage Police Department. Defendant claims that this information was based on “ hearsay ”, since the police officer did not witness the happening of the accident which later occasioned the charge against the defendant.
*783 Seldom would the charge of leaving the scene of accident without reporting arise had an accident been witnessed by a police officer. Neither did the officer see this accident. The information itself largely relates to physical evidence observed by Officer Clark at the scene of the accident, on the same night, after the happening thereof. It is supported by the deposition of another Police Officer, Vernon J. Benware, sworn to before the same Police Justice on the same date. The deposition is based to a considerable extent upon admissions made to the officer by the defendant, which support allegations set forth in the information.
The deposition, in effect, became a part of the information. Read together, even though the verbiage and form of same might have been different, it is believed that the crime with which the defendant was charged was sufficiently stated, and that the description of the physical facts, and the acts and statements of the defendant contained therein, that were relied upon by the informant to constitute the crime, were sufficient. Therefore, it is held that the information was not defective, and that the court had jurisdiction of the proceedings. (Code Crim. Pro., § 764; People v. Hawk, 268 N. Y. 678; People v. Carter, 5 Misc 2d 214; People v. Martin, 203 Misc. 876 and the cases cited therein; People v. Love, 306 N. Y. 18; People v. Patrick, 175 Misc. 997; People v. Zambounis, 251 N. Y. 94.)
The defendant contends that the evidence in the case did not establish that the crime charged had been committed. The testimony of the witnesses for the People, and for the defendant, is substantially the same. All that appears to be at issue here is whether a “ cut, or scratch ”, on the “ eyelid, or forehead ’ ’, sustained by the defendant in the accident, was such as to prevent his reporting damage in the accident to the nearest police station or judicial officer, as soon as he was physically able so to do, as required by subdivision 5-a of section 70 of the Vehicle and Traffic Law. The defense claims that the People failed to prove beyond a reasonable doubt that the defendant was physically able to report same.
On that point, the transcript of the testimony taken at the trial, among other things, reveals the following, in substance: £ £ The defendant was alone at the time of the accident, which was in the early morning of October 7, 1957, and immediately thereafter drove his automobile to the home of his mother-in-law in the Village of Carthage. He stopped at the scene, and had seen no person there. His wife was at the mother-in-law’s house. There was some blood from the £ cut, or scratch ’. His wife and mother-in-law testified that they drove to the Police Station, *784 and said that they found no one there, and returned to the house, where the Defendant was waiting.
“ In the meantime, the Officers had been notified of an accident by radio while patrolling in a Police Department prowl car. The report came from a Village Fireman on duty at the Fire Department Office in the Village Hall, which is in the same building as is the Police Station. He had been notified by a resident living near the scene of the accident. The Fireman at night when the Police are out, take Police calls and reports, and relay the information to the Police cars by way of radio. After their investigation at the scene, where extensive damage to an automobile and meter was found, the Officers proceeded to look for another car that might show some indication of having been in an accident. They discovered a damaged car in a driveway at the home of the mother-in-law. This home is farther from the accident scene than is the Police Station. They went to the door of the house. The house was dark. They rapped on the door. The defendant appeared, fully clothed. In response to questions, he said that he had struck a car and meter at the scene of the accident. Before the officers left, the wife and mother-in-law alighted from a car in front of the residence. Officer Clark testified that the defendant said that his wife and mother-in-law were out, but did not say that they were at the Police Station. No medical attention was sought by the defendant. He was not rendered unconscious by the accident, and was walking around when the Officers discovered him at the mother-in-law’s house. Defendant, the Officers, and the defendant’s wife went from the house to the Police Station. The defendant did not complain of any pain or discomfort. He said his eye did not hurt. The defendant and his wife walked from the Police Station after he again described the accident.”
Subdivision 5-a of section 70 of the Vehicle and Traffic Law relieves a person of reporting damage caused in an accident to the nearest police station or judicial officer, until he is physically able to do so, if no police officer nor the person sustaining the damage is present at the place where the damage occurred. No police officer was present. A parked automobile was struck and damaged by the defendant’s automobile, and no owner or operator was in the car or on the street. A meter owned by the Village of Carthag’e was also struck and damaged, and no officials of the village were present. In fact, no person was actually on the street in that vicinity, at the time of the occurrence.
To arrive at the verdict of guilty, the jury had to find from all of the credible evidence in the case, both direct and circumstantial, that all elements of the crime had been proved beyond *785 a reasonable doubt, including, of course, that the defendant failed to report the damage resulting from the accident as soon as he was physically able to do so. There was ample evidence in the case upon which the verdict of guilty could be predicated. The guilt of the defendant was proved beyond a reasonable doubt, and this court should not disturb the verdict.
There was no error on the part of the Police Justice in denying the motion of defense counsel to dismiss the information at the close of the People’s case, nor in denying the same motion at the close of all of the evidence; and the verdict of the jury was not against the weight of the credible evidence in the case.
Other alleged errors are set forth in the affidavit of the defendant. These are not such as to allow or require a reversal of the judgment of conviction. (Code Crim. Pro., § 764; People v. Hawk, 268 N. Y. 678, supra.)
The judgment of conviction is affirmed in all respects.
The District Attorney is respectfully requested to prepare an order to conform with the above, and to serve a copy of the same upon the defendant and his counsel, after entry of this decision and order.