Milton A. Wiltse, J.
The above-named defendant was apprehended, arraigned, and entered a plea of guilty to violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, within a short period of time, on the 27th day of February, 1959, before the Honorable Frank Smith, Acting Police Justice of the Village of Brownville, New York.
The affidavit of errors alleged, among other things, that it was erroneous to either entertain or accept such a plea within that period of time.
Many other errors are alleged.
Without determining those matters, however, the following should be considered, and is the basis for this finding:
There is a question that appears in the record that must be examined, even though it is not set forth in said affidavit of errors. The question was raised by defense counsel upon the date set for argument of the appeal. Even had it not been raised by counsel, it would have been, and is, necessary to consider in the interest of justice. This is true, despite the rule that ordinarily only errors alleged in the affidavit of errors may be considered on an appeal.
Involved is a jurisdictional matter. A particular question with which we are here confronted is whether the information properly is charged with the crime for which the defendant was convicted. (People v. Grogan, 260 N. Y. 138; People v. Martin, 203 Misc. 876; People v. Klipfel, 160 N. Y. 371; People ex rel. Radaha v. Mock, Sheriff, 69 N. Y. S. 2d 725.)
The information that is the basis for the conviction of the defendant insofar as is pertinent here, reads as follows: “ That *61 one John Aaron Cain, on the 27 day of Feb., 1959, at the Main St., in the Village of Brownville, County of Jefferson, N. Y., at about 1:30 o’clock in the afternoon of said day, did wrongfully, unjustly, unlawfully, willfully and knowingly violate Section 70-s 5 of the Motor Vehicle Law of the State of New York by driving and operating a his car upon the Route 12 E Road, a public highway of the Town of Brownville, County of Jefferson, N. Y., in a reckless manner, by driving and operating said car upon said highway in a manner which unreasonably interfered with the free and proper use of said highway, and unreasonably endangered users of said highway, in that the said John Aaron Cean did operate said car while Drunk, upon the wrong side of the road narrowly missing two cars on Main St., in Brownville. I stoped him and he had a very strong smell of alcohol on his breath and his eyes were glassy and his speech was very poor and talked with a thick tongue and he did stagger.”
Said information is a printed form, with blank spaces provided therein for additions to be made by the person preparing same. For the purpose of identifying the portions of said information which were added in the preparation, the same are underlined. This information in its printed form was apparently designed for use upon a charge of reckless driving. The printed portion of the information follows the statutory wording for reckless driving.
The charge of “ 70-s5 ” was inserted. The acts describing the offense constitute reckless driving. The printed portions under the facts here, may not be disregarded as surplusage.
The court stated in People v. Wilson (4 N. Y. S. 2d 592, 594): “ It is not the name given to the offense in the information; it is the acts described therein which are important, both in advising the defendant what he must meet and in determining whether they constitute a violation of the section named.”
11 The information must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense.” (People v. Grogan, 260 N. Y. 138,142, supra.)
It has been held that the misrecital of a section, misnomer of a section, or even the omission of the same, are not fatal to an information if the acts constituting the offense are clearly set forth. Where, however, the acts constituting the alleged offense describe a different offense than the one charged, the information is fatally defective and the court is without jurisdiction to impose sentence, even though there was a plea of *62 guilty. (Cases above cited, also People v. Jacoby, 304 N. Y. 33; People v. Kugelman, 188 Misc. 135; People v. Zambounis, 251 N. Y. 94.)
It is therefore concluded that the conviction of the defendant-appellant herein, was jurisdictionally defective and a nullity notwithstanding the plea of guilty.
The judgment of conviction is reversed, the information and charge are dismissed, and the fine remitted.
An order to that effect may be submitted.