Maurice W. McCann,
Yates County Judge and Acting Judge for Suffolk County. Defendant appeals 12 judgments convicting Mm after trial before a Justice of the Peace, Town of Huntington (John P. Kane, J.) of violations of the Building Code and the Building Zone Ordinance of that town.
The information at bar contains four counts charging that, on four separate dates, defendant violated two provisions of the Building Code and two provisions of the Building Zone Ordinance. After trial before a Court of Special Sessions, defendant was convicted of two violations of the Building Code on *758 éach of four separate dates and of one violation of the Building Zone Ordiharicé on the saíne dates, a total of 12 convictions. The Court of Special Sessions imposed k fine Of $20 per conviction. (Town Law, | Í35; Building Code of Town of Huntington, art. I, § 1, subd. C, par. [c], cl. [4]; Building ¿one Ordinance of Town of Huntingdon, árt. XII, § 9.)
With respect to the counts upon which defendant stands convicted, thé information alíégés as follows:
“ That oné fiafóld Murray at southerly side Of Half Hollow Bo ad, approximately 7ÓÓ feet north of Eton Stfeet, ih Melville, in the Town of Huntingdon, County Of Suffolk, N. Y., Oil the 10th day of March, 1960 in the afternoon of said day, and on the 1st day of April, 1960 in the afternoon of said day, and on the llth day Of April, I960 in the fOreilOoh and afternoon of said day and on the 19th day of April, I960 in the afternoon of said day
£1 COUNT 1
££ did commit the offense of violating thé Building; Copé Ordinance of the Town of Huntington,- Article IV, thereof against the person or property of the People of the State of New York hy wrongfully, unlawfully; wilfully knowingly did own land at said location whereat there were erected and occupied three (3) Singlé family dwelling^; to wit: structure's cofnmOilly known as house trailers, each having a grouiid floor livable area Of less than 80Ó sqúáre feet
££ COU1ÍT 8
££ did Commit the offense of violating1 the' Building Bode Ordinance Of the Town of Huntington,- Article t, tíiéréóf against the person or property of the People of the State of New York by wrongfully; unlawfully, wilfully and knowingly did dWfi land at- said location whereat thété were máiiitáinéd, Occupied Or uséd threé (3) buildings; to wit; striictuíés tíomínónly known as house trailers, each without a Certificate of Oecupánc’y having been issued therefor by the said Building Inspector
i£ COUNT' 4
££ did commit the offense of violating the Building Zone Ordinance of the Town Of Huntington, Article VIII, Section 4 thereof against the person or property of the Peoplé of the State of New York by wrongfully, unlawfully,- wilfully, and knowingly did Own land at said location whereat theré were erefeted three (3) buildings, to wit: structures ebmmohly known as house trailers; each without a building permit for the erection *759 of said buildings having been issued by the said Building Inspector ”.
At the opening of the trial, defendant took general exception to the sufficiency of the information, although no specification was made of the defects claimed.
To the extent that the information charges in each count that defendant committed the offenses specified on four different dates, the information is duplicitous and accordingly defective (Code Crim. Pro., §§ 278, 279; People v. Trepel, 207 Misc. 98; see People v. Grogan, 260 N. Y. 138; People v. Cain, 20 Misc 2d 59). To avoid the prejudice to the accused apparent in the foregoing, each violation for each separate daté should be alleged as a separate count. Combining violations of the same section on separate dates into one count clearly worked substantial prejudice to defendant’s rights, particularly where different evidence might be required to sustain the violation as to .each separate date. The court is of the opinion that this defective pleading would require reversal of the judgments and a new trial, were it not for the matters hereafter treated.
Assuming that the information was sufficient in form, Count No. 1 charges that defendant owned land on which were erected structures having less than the allowable livable area, in violation of article IV of the Building Code. Measuring the information against the ordinance, it is clear that Count No. 1 fails to state an offense. Article IV itself contains no penalty for violation; it simply prescribes in its several subdivisions, the requisites for various types of construction. Article I (sub,d. A, par. [e]) states that no building or structure shall be constructed, altered or repaired, etc., except in conformity with the provisions of the code. Article I (súbd, Q, par, [c], cl. [4]) provides that any violation of the ordinance is an offerL.seNowhere do the provisions of the code proscribe the owning of land on which structures violative thereof are erected. The only substantive offense stated, in this respect, is in article I (subd. A, par. [e], supra) which, as indicated, prohibits the construction, alteration'or repair of buildings not in conformity with code requirements. Count No. 1 of tbe information fails to state a violation of the Building Code and mpst be dismissed.
In any event, had Count No. I of the information properly charged a violation, there was insufficient evidence to justify the conviction. -The violation alleged is the erection and occupancy of structures with less than the minimum livable area pursuant to article IV. It is clear that house trailers are structures within the meaning of the code (Corning v. Town of *760 Ontario, 204 Misc. 38; New York Mobile Homes Assn. v. Steckel, 9 N Y 2d 533). However, article IV contains 10 sections applicable to 9 different types of construction. Nowhere in the record is there any evidence tending to show the type of construction employed in the structures in question, nor which of the 10 sections of article IV is involved so as to make the minimum livable area requirement applicable. Presumably, section 8 of article IV, relating to prefabricated construction, is intended to apply to house trailers. But for aught that the record .shows, the house trailers might be built of any one of the other nine types of construction specified in article IV, or of a type of construction not covered by the Building Code at all. Material matters of this nature may not be the subject of judicial notice or judicial speculation, particularly in a criminal proceeding (City of Buffalo v. Beck, 205 Misc. 757). No sufficient evidence was adduced to sustain the violation of article IV.
Count No. 3 charges that defendant owned land on which was maintained, occupied or used three structures without a certificate of occupancy having been issued therefor, in violation of article I of the Building Code. Article I (subd. C, par. [lb], cl. [1]) prohibits the maintenance, occupancy or use of a structure without a certificate of occupancy. There is no provision barring the ownership of land on which the foregoing is done. Maintenance, occupancy or use are the offenses; not simple ownership. “ Maintain ” is not defined in the Building Code. It imparts some type of activity with respect to the structures beyond title to the land (People v. Hill, 18 Misc 2d 352; Matter of Gabler, 140 Misc. 581, 586). This connection or activity must be averred. The information fails to state an offense.
People v. Lederle (206 Misc. 244, affd. 285 App. Div. 973, affd. 309 N. Y. 866) and People v. Castrillo (285 App. Div. 973, affd. 309 N. Y. 866) cited by the prosecution in support of Count No. 3 are not to the contrary. Those cases involved the New York City Zoning Resolution which made it unlawful “ to use or permit the use of any building # * * until a certificate of occupancy * * * shall have been issued ”. In the matter at bar, the code makes it unlawful ‘ ‘ to maintain, occupy or use a * * * structure ”. Permitting use of a structure without a certificate of occupancy or the ownership of land upon which the prohibited acts are done is not interdicted.
As with Count No. 1, the only evidence of defendant’s connection with the structures in question was ownership of the land on which they rested. No proof was adduced of occupancy or use of the trailers by defendant, or of any connection with them on his part. “ Maintain ”, as stated, requires some affirmative *761 connection with the structures beyond ownership of the underlying land (People v. Hill, supra). The proof was insufficient to support the judgment rendered.
Count No. 4 alleges that defendant owned land on which were erected three structures known as house trailers without a building permit having been issued, in violation of section 4 of article VIII of the Building Zone Ordinance. The cited provision prohibits the commencement of work for the erection or alteration of any building until a building permit has been issued therefor. Section 9 of article XII of the Building Zone Ordinance imputes liability to the owner of the premises where a violation has been committed or shall exist, and to any person who knowingly commits, takes part or assists in a violation, etc. Reading the cited provisions together, they fail to prohibit inaction, i.e., simply permitting the forbidden acts to be done. Passive ownership is not made unlawful. Violation of section 4 of article VTII requires affirmative activity on the part of some person. Liability may not be imputed to the owner under section 9 of article XII unless he has been involved, directly or indirectly, in the interdicted acts. Some participation is necessarily envisaged. Count No. 4 fails to so allege, and is accordingly insufficient.
Similarly, the evidence presented in support of Count No. 4 wholly fails to prove defendant’s complicity in a violation of the cited provisions. There was no evidence adduced with respect to commencement of work for the erection or alteration of a structure, or any continuance of such activity. The People proved the existence of the structures on defendant’s land, but there was no proof as to when they were “ erected ” (compare People v. Dennis, 206 Misc. 402), or whether the defendant as owner participated in the work of superimposing them on his premises. For aught that appears, the structures may have been placed there without his consent, or may have been lawfully erected (Building Zone Ordinance, art. XII, § 5).
It was incumbent on the prosecution to prove that the structures were erected within the meaning of the cited section. The fact of their physical existence on defendant’s property on the dates specified is not probative of the issue of whether work was commenced for the erection of the structures on the dates charged, nor that they were ‘‘ erected ’ ’ at all on the dates charged.
In view of the foregoing, the errors assigned in the affidavit on appeal are not passed upon.
The record reveals that the Town of Huntington has no separate ordinance regulating house trailers. Apparently, their *762 existence within the confines of the town and thé regulation of their location and use is accomplished inter alia by virtue 'of the provisions involved in this prosecution.- Unquestionably,these provisions were intended by the Town Board to aocomplish comprehensive regulation of house trailers as well as other Structures (Building Zone Ordinance* art; XII, § 7; Building Code Ordinance, art; I* § B). The result of the' court’s determination upon this appeal illustrates the problems inherent in the application of general ordinances to specific situations which do not fall squarely within their thrust; The attempt to fit regulation of house trailers, which present special problems and are often regulated by separate statutes* within the Procrustean bed of a zoning ordinance-building code statutory pattern will frequently create problems of interpretation and application that end in frustration of the legislative intent-(cf. Westchester County S. P. C. A. v. Mengel, 292 N. Y. 121).
The judgments of conviction upon Count No.- 1 áre reversed upon the law and facts; the judgments of conviction Upon Count No. 3 are reversed upon the law and facts; thé judgments of conviction upon Count No. 4 are reversed upon the law and the facts; the fines imposed are remitted.