■ INCORPORATED VILLAGE OF MILL NECK, Respondent, v. ARNE FRONSDAL et al., Appellants.— In an action to recover a civil penalty of $23,500 for violation of a zoning ordinance prohibiting the conduct of a business in a restricted residential zone in the Village of Mill Neck, defendants appeal from an order of the Supreme Court, Nassau County, entered November 4, 1971, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, without costs. Defendants' time to serve their answer to the complaint is extended until 20 days after entry of the order to be made hereon. The Village of Mill Neck has on its books a zoning ordinance which in the main prohibits the use of one's residence for a business in certain restricted residential zones (Building Zoning Ordinance of the Village of Mill Neck, § 310). A person violating that provision or any other one in the zoning ordinance subjects himself under another provision of the zoning ordinance "to a civil penalty of $100 for each and every day that each and every violation continues" (§ 1110.2). Defendants allegedly violated the ordinance by conducting a shipping agency business in their home. On September 9, 1970 village authorities warned defendants that unless they ceased using their property for business purposes legal proceedings would be commenced to enforce the ordinance. Defendants allegedly did not abate in their alleged violation of the ordinance and on July 29, 1971 this action was commenced. At the outset we turn to the enabling legislation in the Village Law, since a village has only such powers as have been delegated to it. Section 93 of the Village Law provides, *inter alia,* that the "board of trustees of a village may enforce obedience to its ordinances by prescribing therein penalties for each violation thereof, not exceding two hundred fifty dollars for any offense." We view the alleged failure of defendants to terminate the conduct of their business as one continuous inseparable offense. We further construe section 1110.2 of the Building Zone Ordinance to provide for a civil penalty of $100 a day up to a maximum of $250. Without such narrow construction we feel that section would be

invalid as in excess of the powers delegated to the village. Had the Legislature intended in section 93 of the Village Law to authorize cumulative penalties for one continuing violation it could have empowered villages to penalize violators of their zoning ordinances up to a certain sum for *each and every day*. We view the stated maximum in section 93 of the Village Law as limiting the amount for which a transgressor may be penalized for each separate and distinct offense against the zoning laws. The Legislature was aware in imposing a maximum that otherwise a village, upon waiting for example for two years, could bring an action for a civil penalty for $100 per day for two years. In the absence of a clear intent we view section 93 of the Village Law as setting a maximum penalty of $250. In spite of the foregoing we affirm Special Term's order, since plaintiff has stated a cause of action although recovery will be limited to $250. The sufficiency of a pleading is not determined by the *ad damnum* clause. It is important to note that the legality of ordinance issue was not raised in *Incorporated Vil. of Laurel Hollow* v. *Laverne, Inc.* (24 A D 2d 615). Martuscello, Shapiro, Brennan and Benjamin, JJ., concur; Munder, Acting P. J., concurs in result, with the following separate memorandum: I do not feel that section 1110.2 of the Village of Mill Neck's Building Zone Ordinance requires the narrow construction placed upon it by the majority. That section provides for a civil penalty of $100 for " each and every day that each and every violation " of the zoning ordinance continues. The clear intent is to have each day's violation constitute a separate offense. I see nothing in this which conflicts with section 93 of the Village Law, which provides for a $250 limit on the penalty imposed for " any offense ". I take the phrase " any offense " to mean " any one offense " or " each and every separate offense ", and, in my opinion, the village is empowered to specify what constitutes " any one offense ". There is precedent in the Town Law. Subdivision 1 of section 268 of the Town Law, which provides for the enforcement of zoning ordinances or regulations, states that a violation thereof is " punishable by a fine not exceeding fifty dollars ". It further states that " each week's continued violation shall constitute a separate additional violation." Obviously the Legislature was aware that in several weeks' time the cumulative fine would exceed $50. The fact that similar language is not found in the Village Law does not preclude villages from so providing on their own (see, e.g., Village Law, §§ 93, 179-c). The text books show that, in fact, many villages have done so (see, 4 Anderson, American Law of Zoning, §§ 28.30–28.31). For instance, the Village of Scarsdale ordinance, which contains a maximum fine of $100 for each violation of its zoning regulations, further provides that the violator " shall be subject to a civil penalty of $100 for each and every day that said violation continues " (Planning and Zoning Regulations, Village of Scarsdale, art. 18, § 12–18–3, as found in Anderson, Zoning Law and Practice in New York State, § 26.21). I know of no case where such an ordinance has been struck down as invalid. It seems to me that the " accumulation " of daily or weekly violations, with their attendant penalties, is a legitimate source of leverage for local officials dealing with slow-to-move violators. Of course, the burden of proving each separate offense is on the officials. The ordinance at bar does not require the construction placed upon it by the majority to " save " its constitutionality.