Liston F. Coon, J.
Defendant, who has been indicted on two counts of operating a motor vehicle while in an intoxicated condition, as a felony, mpves to dismiss the second count of the *907 indictment on the grounds that it is duplicitous in that it fails to conform to the requirements of CPL 200.30.
That section provides as follows:
“ § 200.30 Indictment; duplicitous counts prohibited.
“ 1. Each count of an indictment may charge one offense only.
“ 2. For purpose of this section, a statutory provision which defines the offense named in the title thereof by providing, in different subdivisions or paragraphs, different ways in which such named offense may be committed, defines a separate offense in each such subdivision or paragraph, and a count of an indictment charging such named offense which, without specifying or clearly indicating the particular subdivision or paragraph of the statutory provision, alleges facts which would support a conviction under more than one such subdivision or paragraph, charges more than one offense.”
The indictment charges in the separate counts that defendant operated a motor vehicle while in an intoxicated condition at the same time and place. It can be interpreted that the first count relates to the offense as set forth in subdivision 3 of section 1192 of the Vehicle and Traffic Law and that the second count relates to subdivision 2 of the same statute.
At the outset the court observes that counsel has apparently misinterpreted the meaning of duplicitous counts in an indictment. By moving to dismiss only the second count, he has apparently equated the term “duplicity” (as defined for criminal pleading purposes) with the term “ duplicate ”. In other., words he is saying that the second count is a “ duplicate ” of the first and therefore defective under GPL 200.30.
Duplicitous counts of an indictment are understood by the court to mean one or more counts of an indictment which, individually, charge more than one offense.
Thus where a count of an indictment alleges the commission of an offense on more than one occasion, the count is bad for duplicity (People v. Trepel, 207 Misc. 98; People v. Murray, 32 Misc 2d 757). On the other hand, before the Criminal Procedure Law, an indictment could properly charge in one count the same offense alleged to have occurred in different ways. An allegation of murder in a single count indictment could allege both common-law murder and felony murder (People v. Howard, 27 A D 2d 796).
Turning to the crime alleged in the instant, indictment it is perfectly proper to charge a defendant with operating a motor vehicle while in an intoxicated condition in separate counts, *908 one under subdivision 2 of section 1192 of the Vehicle and Traffic Law and the other under subdivision 3 (People v. McDonough, 39 A D 2d 188). They are neither mutually inclusive nor mutually exclusive (People v. Rudd, 41 A D 2d 875).
Nevertheless, CPL 200.30 does come into play with respect to this indictment when the language of the indictment is considered. The section is also to be read in context with subdivision 7 of CPL 200.50 which specifies what a count of an indictment shall contain.
In enacting CPL 200.30 the Legislature obviously' sought to avoid the problem we have here by specifically providing in subdivision 2 that where offenses may be committed in different ways, counts of an indictment must specify or clearly indicate the particular subdivision or paragraph of the statutory provision. Otherwise a duplicitous count results as A matter of law.
The District Attorney ignored this command in drafting the indictment in question. Neither count specifies the subdivision of the statute involved. The first count merely alleges the operation of a motor vehicle on a public highway by the defendant “in an intoxicated condition”. Under section 1196 of the Vehicle and Traffic Law, proof under either subdivision 2 or 3 of section 1192 would be received under the other. But the issue here is not one of evidence but one of pleading.
Ironically, the count which the defendant seeks to have dismissed is sufficient while the one he does not attack is not. The second count, while not specifying the correct subdivision, nevertheless recites language relative to the taking of a “ breath-test ” and the results thereof. This clearly indicates that subdivision 2 of section 1192 is the statutory provision alleged to have been violated.
Turning back to the first count the bare allegation there, not specifying the statutory provision, fails to advise the defendant of the prosecution’s theory. It further ignores the provision of subdivision 7 of CPL 200.50. In contrast to subdivisión 2 of former section 275 of the Code of Criminal Procedure which provided only that an indictment contain “A plain and concise statement of the act constituting the crime, without unnecessary repetition ’ ’, the newer Criminal Procedure Law requirement is that each count also “ asserts facts supporting every element of the offense charged * * * with sufficient précision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation ”,
*909 From an analysis of the record before the court, the intent of count one of the indictment is apparently to allege a violation of subdivision 3 of section 1192 without any reference to the results of any chemical analysis of defendant’s blood or breath.
The criterion for a violation for driving while intoxicated Was established early in the automobile era and prechemical analysis, and it was * ‘ that one shall not be affected by alcoholic beverage to such an extent as to impair his judgment or his ability to operate an automobile ” (People v. Weaver, 188 App. Div. 395, 400). Had this or similar language been used in the first count of the indictment it would have been sufficient. Without it the count is defective.
The motion to dismiss count two of the indictment is denied. On the court’s own motion, count one of the indictment is dismissed as failing to conform to the requirements of GPL 200.30.