Cooke, J.
The People appeal from an order of the Appellate Term, Ninth and Tenth Judicial Districts, which modified, on the law, a judgment of the City Court of the City of Long Beach, convicting defendant upon a plea of guilty, of violations of the Municipal Code of the City of Long Beach, under an information containing 10 counts, and sentencing him to pay fines totaling $1,050 and to serve two days in jail. The modification consisted in a reduction of the $350 fine imposed at City Court under Count X to $250. The order of Appellate Term should be affirmed, though on a different ground than that considered in its memorandum decision.
The information of a building inspector, in pertinent part, charged that defendant (and another) "on and from October 21, 1971 to and including April 11, 1972 at premises No. 73 East Chester Street, Long Beach”.
COUNT X
"did wilfully, wrongfully and unlawfully in the first floor apartment of said premises fail to maintain the grounds and structure so as to be free of insects, vermin and rodent harborage and infestation to wit: the basement is infested with roaches in violation of Chap. 10, Art. 11, Section 10-1116 D-l of the Municipal Code of the City of Long Beach.” *374 Under the Code of Ordinances of the City of Long Beach, the maximum fine for each violation of any provision of the rehabilitation and conservation code, building code or zoning ordinance of the City of Long Beach, or the commission of any nuisance, is $250. As noted, the fine imposed at City Court was $350 in respect to Count X.
Appellate Term, in modifying, stated that the City of Long Beach was not authorized to adopt an ordinance providing for cumulative penalties for one continuing violation, calling attention to People v Briary Improvement Corp. (77 Misc 2d 797, affd 34 NY2d 788) and Incorporated Vil. of Mill Neck v Fronsdal (39 AD2d 549). Under subdivision 22 of section 20 of the General City Law, subject to the Constitution and general laws of this State, the City of Long Beach is empowered "[t]o regulate by ordinance any matter within the powers of the city, and to provide penalties, forfeitures and imprisonment to punish violations thereof’. Every city is granted the "power to regulate, manage and control its property and local affairs” and "all the rights, privileges and jurisdiction necessary and proper for carrying such power into execution” (General City Law, § 19). Under the umbrella of this authority, section 13-10 (a) of the Code of Ordinances of the City of Long Beach provides: "Any person who shall violate any provision of either the property rehabilitation and conservation code, building code or zoning ordinance of the City of Long Beach, or commit any nuisance, shall be guilty of a violation punishable for each violation by a fine not exceeding two hundred fifty dollars ($250.00), or by imprisonment not exceeding fifteen (15) days, or by both such fine and imprisonment. Each day such violation continues shall constitute a separate violation”(emphasis supplied). The mere fact that the ordinance provides for a separate violation for each day of its continuance does not result in invalidity since, in the absence of a showing of impossibility of compliance, "the courts have long sustained a pyramiding of penalties as valid means of control” (Oriental Blvd. Co. v Heller, 27 NY2d 212, 220).
People v Briary Improvement Corp. (supra), apparently relied upon by Appellate Term, dealt with a sentence imposing a fine of $25 for each of 108 continuous days under a zoning ordinance of the City of Yonkers, a second class city, and held that under section 42 of the Second Class Cities Law such a city was not authorized to adopt an ordinance providing cumulative penalties for one continuing violation. Long *375 Beach is not a second class city (Second Class Cities Law, § 4; 1965 Opns Atty Gen 116; NY Legis Manual, 1940, p 1364) and, hence, Briary is not determinative here. Incorporated Vil. of Mill Neck v Fronsdal (supra), the second decision cited by Appellate Term, was concerned with the power of a village to impose cumulative penalties for a continuous inseparable offense and was predicated on section 93 of the Village Law, the $250 maximum of which "for each violation” was viewed as limiting the amount for which a transgressor may be penalized for each separate and distinct offense against the zoning laws. The enabling legislation from which the City of Long Beach derives its power (General City Law, § 20, subd 22) contains no such limitation.
The more difficult problem is that under Count X defendant was originally fined an amount in excess of the ordinance maximum of $250 for "each violation”, apparently on the concept that, since the information alleged a violation from October 21, 1971 to April 11, 1972 and since the Long Beach Code of Ordinances provides that each day such a violation continues constitutes a separate violation, the information charged more than one violation.
As in the case of an indictment, and subject to the rules of joinder applicable to indictments, two or more offenses may be charged in separate counts of an information (CPL 100.15, subd 2; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.15, p 372). An indictment must charge at least one crime and may, in addition, charge in separate counts one or more other offenses, provided that all such offenses are joinable pursuant to the principles prescribed in CPL 200.20 (subd 2) (CPL 200.20, subd 1). Under paragraph (a) of said subdivision 2, two offenses are "joinable” when they are based upon the same act or upon the same criminal transaction, as that term is defined in CPL 40.10 (subd 2). There, a criminal transaction is defined as "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.” Since the continuance of the alleged violation for each day constituted a separate violation under the ordinance and since each such violation was based on the same act or criminal transac *376 tion, each of the violations was joinable with others in the same information. Here, however, as to the offenses or acts charged in Count X, there was only one count, not separate counts, and it was not permissible to punish defendant as if he was charged with more than one count to which he pleaded guilty. Accordingly, the maximum imposable on defendant is the maximum for one count—$250.
We need not pass on whether Count X is defective or void for duplicity (see CPL 200.30; People v Richlin, 74 Misc 2d 906; People v Murray, 32 Misc 2d 757), since defendant is precluded at this juncture from relief in that respect, even if warranted, because of his failure to cross-appeal to the Court of Appeals (People v Graham, 36 NY2d 633, 638; Pitler, New York Criminal Practice Under the CPL, pp 817-818 [1975 Cum Supp, pp 344-345]; cf. People v Wilkins, 28 NY2d 213, 220, n 3). Indeed, defendant’s brief concludes with a request that the judgment of Appellate Term be affirmed.
Accordingly, the order of the Appellate Term should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.