Kenneth C. Johnson, Jr., J.
This is a proceeding to dismiss Count I and Count II of a superseding indictment on the grounds that the same are defective and factually insufficient. The motion was made originally against Indictment No. 73-36 *1007 and was made to dismiss all three counts of said indictment. However, on the return day set for argument of this motion a copy of a superseding indictment was served on defense counsel containing the same Counts I and II, but a corrected Count HI. The objections and grounds for dismissal of Count III of the original Indictment No. 73-36 were cured by the superseding Indictment No. 73-47 and it was stipulated and agreed that the motion made to dismiss Counts I and II of the original indictment applied to Counts I and II of the superseding indictment and the papers submitted and argued would be used as if the motion to dismiss had been made to the superseding indictment, in order to expedite the matter and to enable this court to make a determination whether Counts I and II of the superseding Indictment No. 73-47 should be dismissed.
The defendant contends that Counts I and II of the indictment do not contain factual statements supporting every element of the offense charged to clearly apprise the defendant of the conduct which is the subject of the accusation (CPL 200.50, subd. 7). In each of Counts I and H defense counsel contends that the only factual statement contained is one which alleges the particular crime charged, but then merely states there was a collision of the motor vehicles driven by the defendant and one Mary Judith Kelemen causing her death.
“ COUNT I — The Grand Jury in and for the County of Tompkins and State of New York, by this indictment, accuses john g. bornes of the crime of manslaughter in the second degree in violation of Section 125.15, subdivision 1 of the Penal Law of the State of New York committed as follows:
“ On or about March 11, 1973, at or about 9:30 p.m. at the 600 block of South Aurora Street in the City of Ithaca, County of Tompkins and State of New York, the said john g. bornes did recklessly cause the death of mary judith kelemen by operating a motor vehicle in a generally southerly direction on South Aurora Street and there causing the same to collide with an automobile operated by mary judith kelemen.”
“ COUNT II — The Grand Jury, as aforesaid, by this indictment, further accuses john g. bornes of the crime of criminally negligent homicide in violation of Section 125.10 of the Penal Law of the State of New York committed as follows:
“ On or about March 11, 1973 at or about 9:30 p.m. at and about the 600 block of South Aurora Street in the City of Ithaca and County of Tompkins and State of New York, the said john g. bornes did, acting with criminal negligence, cause the death of mary judith kelemen by operating a motor vehicle in a generally southerly direction on South Aurora Street and there *1008 causing the same to collide with an automobile operated by MABY JUDITH KELEMEH.”
As noted, Count I alleges manslaughter in the second degree. It does state, among other things, that defendant “ recklessly ” caused the death of Mary Judith Kelemen. The District Attorney contends that the mere statement16 did recklessly cause the death of Mary Judith Kelemen ” is sufficient to satisfy the necessary allegations of the elements of manslaughter as stated by him: 1. reckless, 2. causing death, and 3. another person, and that since “ recklessly ” is defined by subdivision 3 of section 15.05 of the Penal Law, it is unnecessary to allege any further conduct of the defendant or any facts concerning1 the particular conduct of the defendant which caused the death. Similarly in Count II alleging criminally negligent homicide, the District Attorney contends the mere statement “ acting with criminal negligence caused the death of Mary Judith Kelemen ” is sufficient to satisfy the necessary allegations of the elements of criminally negligent homicide as stated by him: 1. criminal negligence, 2. causing death, and 3. another person, and that since “ criminal negligence ” is defined by subdivision 4 of section 15.05 of the Penal Law it is unnecessary to allege any further conduct of the defendant or any facts concerning the particular conduct of the defendant which caused the death.
In support of these contentions the District Attorney cites the case of People v. Nixon (33 A D 2d 403), a case decided initially in this court. The defendant in his brief correctly points out that in the Nixon case in addition to the words ‘ ‘ recklessly ’ ’, etc., the indictment further stated facts showing the reckless conduct by stating: “ to wit, pointed a loaded shot gun at Glenn Robertson, a police officer ”. The District Attorney also cites the case of People v. Conroy (97 N. Y. 62, 67, 68) in which the indictment charging two counts of murder was upheld where the conduct of the defendant was set forth by alleging the language of the statute ‘ ‘ with a deliberate and premeditated design to” effect death and the defendant “willfully, feloniously, and of his malice aforethought ” killed. However, that indictment also went on to further factually describe the conduct of the defendant in each count respectively as follows: “ that the defendant shot off and discharged a pistol at Peter Keenan, resulting in his death ” and “ the defendant shot one Peter Keenan with a bullet discharged by him from a pistol, and thereby inflicting upon said Keenan a mortal wound.” The case of People v. Rice (19 A D 2d 911), cited by the District Attorney, upheld the indictment where the language in the indictment “operated and drove a motor vehicle in a reckless and *1009 culpably negligent manner whereby one Barbara Papick, a human being, was killed ’ ’ was similar to the language of the indictment here in question. However, the Bice case was not only concerned with the language of the indictment, it was also concerned with ‘ ‘ the bill of particulars, in proper amplification thereof,” which “ set forth the evidentiary basis of the negligence charged by alleging that defendant (1) drove his vehicle into the path of another vehicle (2) without signaling or warning (3) while his ability to operate such vehicle was impaired, due to the use of alcoholic beverages ”. That case was decided prior to the present Criminal Procedure Law that no longer provides for the short-form or simplified indictment that was usually followed by a demand for a bill of particulars specifically provided by statute or by a bill of particulars “ ordered in accordance with common-law practice ”. The court in the Bice case stated 1 ‘ we find, in any event, no basis upon which the indictment and bill of particulars could be found improper or insufficient.” (Italics for emphasis, pointing out the word “ and ” was used and not the word “ or ”, indicating the court was presumably considering the indictment and the bill of particulars together.)
The requirements of CPL 200.50 (subd. 7) “ a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the áceusation ” (italicized for emphasis) have not been met. What was the “ reckless ” conduct or “ criminally negligent ” conduct of the defendant! This should be set forth so that the defendant is not only aware of the charges against him but is aware of the nature and character of the conduct which is the subject of the accusations to enable him to prepare his defense. Pacts asserting the ‘1 reckless ’ ’ conduct or 1‘ criminally negligent ” conduct in order “to apprise the defendant * * * of the conduct which is the subject of the accusation ” are lacking. Pacts, such as that defendant drove his automobile into the path of another without signaling, or warning, or because it was out of control, or following too close, etc., while he was intoxicated or impaired, etc?., should be set forth to enable defendant to properly defend himself.
The superseding indictment corrected Count III of the original indictment in answer to the motion of the defendant to dismiss on the grounds that the percentage of weight of alcohol in defendant’s blood was inadvertently left blank. The same *1010 motion also contained the objections and grounds for dismissal of Counts I and II herewith discussed and is the same motion now under consideration. It would appear that in preparing the superseding indictment now before this court which corrected Count III, that it would have been better practice for the District Attorney to at least consider the objections and grounds of dismissal of Counts I and IÍ already before the court and to provide the necessary factual allegations supporting the conduct of the defendant which is the subject of the accusations (whether he thought he was right or wrong) in order to avoid this proceeding.
Count I and Count II of the superseding indictment are therefore dismissed without prejudice, however, to the filing of a new valid indictment against the defendant setting forth facts supporting the elements of the offenses charged and the conduct of the defendant which is the subject of the accusations.
The defendant should however, in the meantime, be arraigned on Count III of the superseding indictment, since it corrected the defect in the original indictment.