Louis Wallace, J.
The motions before the court present, inter alia, the novel issue of whether or not a corporation may be convicted of homicide under the revised Penal Law.
Four defendants who are charged with criminally negligent homicide move to inspect the Grand Jury minutes and dismiss the indictment on various grounds.
The following facts appear from the Grand Jury minutes or affidavits submitted on this motion:
Consolidated Edison Company of New York (hereinafter referred to as “ Consolidated ”), a public utility, has undertaken to construct an extension to its Astoria, Queens Generating Station. Consolidated retained defendant Ebaseo Services Incorporated (hereinafter referred to as “ Ebaseo ”) to perform certain management, construction and engineering functions in connection with this project which will entail an expenditure in excess of $200,000,000. A portion of this project involved the construction of a temporary metal boxlike structure called a cofferdam. This structure was erected in the waters of the East River so that an area thereof could be pumped out and workmen could descend to the river bottom to construct certain permanent facilities for the over-all project.
The construction of the cofferdam was undertaken by defendant Spearin, Preston & Burrows, Inc. (hereinafter referred to as “ Spearin ”) and the fieldwork therefor was under the supervision of defendant Reider, an executive vice-president of Spearin. Thomas Bedford, a fifth defendant who has not been arraigned on this indictment, was a supervisor for defendant Ebaseo at the Astoria project until approximately June, 1973, at which time he was replaced by defendant Booth. On August 17, 1973 a portion of the cofferdam collapsed, causing the death of two workmen in the dewatered area.
The first count of the indictment charges the defendants with criminally negligent homicide, committed as follows: “ The defendants above named, on or about March 1, 1973, until on or about August 17, 1973, in the County of Queens, State of New York, with criminal negligence, caused the death of Donato Callara, by failing to properly construct and supervise construction of a coffer dam [sic], and by failing to perceive a substantial and unjustifiable risk of death in the construction of said coffer dam '[sic], in a manner which constituted a gross deviation from the standard of care that a reasonable person would observe in the situation.”
The second count of the indictment is an exact duplication of the first count except that named therein is the other victim of this disaster^
*786 The defendants make the following four contentions in support of their motion: (1) the statute under which these defendants were indicted, section 125.10 of the Penal Law, is unconstitutionally vague; (2) a corporation may not be indicted for criminally negligent homicide; (3) the indictment is defective in that it does not sufficiently particularize the acts constituting the alleged crime as required by subdivision 7 of CPL 200.50; and (4) the evidence before the Grand Jury was legally insufficient.
The constitutional issue posed by defendants needs but brief comment. The Court of Appeals has upheld the constitutionality of section 125.10 of the Penal Law despite a contention that this statute is unconstitutionally vague, indefinite and uncertain. (People v. Kealey, 33 N Y 2d 818.)
The killing of a human being by a corporation is an act that can be proscribed by the Legislature. As the Court of Appeals stated in 1909 in the case of People v. Rochester Ry. & Light Co. (195 N. Y. 102, 107): “ Within the principles thus and elsewhere declared, we have no doubt that a definition of certain forms of manslaughter might have been formulated which would be applicable to a corporation, and make it criminally liable for various acts of misfeasance and nonfeasance when resulting in death, and amongst which very probably might be included conduct in its substance similar to that here charged against the respondent.”
The court stated, however, that it was unable to discover in the statute before it any evidence of an intent by the Legislature to hold a corporation criminally liable for a homicide.
Hence, the issue which this court must decide is: “ Does section 125.10 of the Penal Law by its terms encompass corporate defendants? ” That section reads as follows: “A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person.”
A “person ” is defined in the homicide article of the Penal Law (§ 125.05, subd. 1) as follows: “ 1 Person ’, when referring to the victim of a homicide, means a human being who has been born and is alive.” (Emphasis added.)
Defendants assert that, inasmuch as this definition of “ person ’ ’ speaks in terms of a human being, a corporate defendant cannot by its act commit a homicide. This contention flies ill the face of the statute which equates “ person ” with human being only in regard to the victim of the homicide. This statute does not require that the person committing the act of homicide be a human being and the reference to human being is of limited *787 application. As the revisers make clear, the definition contained in subdivision 1 of section 125.05 of the Penal Law was inserted merely to insure that the death of a “ person ’ ’ would not include the abortional killing of an unborn child. (See Denzer and McQuillan Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 125.05, p. 223.)
Since no definition of “ person ” as applied to the actual committing of the homicide has been included by the Legislature in the homicide article, the court must look to the broader definition of “ person ” contained in the over-all definitional article of the Penal Law. Subdivision 7 of section 10.00 defines “ person ” as follows: “ ‘ Person ’ means a human being, and where appropriate, a public or private corporation.”
It is apparent from a reading of subdivision 7 of section 10.00 of the Penal Law that whenever the term “ person ” is used in the Penal Law it includes corporations, except in those instances in which inclusion of a corporation is obviously inappropriate. It would be manifestly inappropriate to apply the definition of “ person ” to corporation in regard to persons who might be seized and arrested (see People v. P. A. J. Theater Corp., 72 Misc 2d 354) or persons who engage in proscribed sex offenses. (See Penal Law, § 130.00 et seq.)
There is, however, no manifest impropriety in applying the broader definition of “ person ” to a corporation in regard to the commission of a homicide, particularly in view of the statement by the Court of Appeals in People v. Rochester Ry. & Light Co. (195 N. Y. 102, supra) that the Legislature is empowered to impose criminal liability upon a corporation for a homicide. Accordingly, the court concludes that although a corporation cannot be the victim of a homicide, it may commit that offense and be held to answer therefor.
As to defendants’ third contention, subdivision 7 of CPL 200.50 provides that an indictment must contain: “ A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation.”
This statute imposes a greater duty upon the People to plead the facts constituting the alleged crime with precision and particularity than was imposed upon them under the predecessor statute. (Code Crim. Pro., § 275, subd. 2.) That statute required merely “ A plain and concise statement of the act constituting *788 the crime, without unnecessary repetition. ’ ’ (People v. Richlin, 74 Misc 2d 906, 908; see People v. Barnes, 74 Misc 2d 1006.)
A failure to particularize sufficiently the facts constituting the alleged crime as required by the statute requires a dismissal of the indictments. (CPL 210.20, subd. 1, par. [a] and 210.25, subd. 1.) In the opinion of this court, there has been insufficient compliance by the People with the statute. The sparse factual allegations contained in this indictment are supplemented merely by the statutory definition of criminally negligent homicide. Each defendant is entitled to know from the face of the indictment what facts are being pleaded against that particular defendant individually and this indictment, as it now stands, is not sufficiently precise so as to apprise each defendant individually as to the conduct which is the subject of the accusation against him or it individually. Sufficient particularity is especially necessary in this case in view of the multiplicity of defendants, the length of time over which these crimes were allegedly committed and the highly technical nature of the evidence involved. Moreover, the requisite particularization may not be supplied by an amendment to the indictment by the District Attorney. Paragraph (b) of subdivision 2 of CPL 200.70 specifically prohibits the amendment of an indictment for the purpose of curing the legal insufficiency of the factual allegations therein.
Therefore, the motion is granted and the indictment is dismissed as defective within the meaning of subdivision 7 of CPL 200.50. The People are, however, granted leave to resubmit this case.
The release of defendants Booth and Beider in their own recognizance is continued, pending resubmission of the case to the Grand Jury and the Grand Jury’s disposition thereof. (CPL 210.45, subd. 9.)
As to the defendants’ fourth contention, the court need not pass upon the legal sufficiency of the evidence before the Grand Jury inasmuch as the indictment has been found to be defective on its face.