■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MELVIN GRIMSLEY, Appellant.—Judgment unanimously affirmed. Memorandum: Although the first three counts of the indictment herein set forth every legal element of the offenses charged, they were defective for failure to allege the facts concerning defendant's conduct which constituted the

alleged crimes *(People v Barnes,* 44 AD2d 740, affg 74 Misc 2d 1006, 1009; *People v Clough,* 43 AD2d 451; CPL 200.50, subd 7). We do not deem such omissions, however, to amount to jurisdictional defects. "The primary function of an indictment is to inform the defendant of the crime with which he is charged, and it should do so with sufficient fullness and clarity to enable him to prepare for trial". (Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.50, p 235.) The defendant has the burden of moving against an indictment which he alleges to be defective (CPL 210.20), and an objection to the sufficiency of the indictment which sets forth the essential legal elements of the crime as charged may be waived (see *People v Kampshoff,* 53 AD2d 325, 341). Defendant made an omnibus motion within 45 days of his arraignment (CPL 255.20, subd 1; 210.20, subd 3), but he did not argue that these counts were defective for failure to allege the essential facts of the alleged crimes. Seven months later he made the latter motion with respect to the first and second counts of the indictment but did not raise the objection with respect to the third count. In his brief on this appeal for the first time he seeks to raise that objection in relation to the third count. Had defendant properly moved against the indictment on the ground now raised, the court would have been required to grant it and dismiss those counts of the indictment (CPL 200.70, subd 2, par [b]); but the court could have authorized the People to resubmit the charges to another Grand Jury for a proper indictment (CPL 210.20, subd 4). We hold that by reason of his failure to make such motion against the third count prior to or during trial and, indeed, his failure to make such a motion at any time with respect to the third count, defendant waived the alleged defects and cannot raise the point for the first time in his brief on this appeal. This ruling also disposes of defendant's other contentions. (Appeal from judgment of Monroe County Court—manslaughter, second degree, etc.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.