OPINION OF THE COURT
Sol R. Dunkin, J.
In this case the court considers whether the recent Appellate Division ruling in People v Jackson (60 AD2d 892) and People v Smith (60 AD2d 896) dismissing sodomy indictments as jurisdictionally defective for lack of specificity must be applied to an indictment charging sexual abuse.
The defendant was indicted on August 24, 1977 for the crimes of sexual abuse in the first degree under the first and second counts of the indictment and endangering the welfare of a child under the third and fourth counts. Defendant’s omnibus motion was submitted on January 16, 1978 and has been decided separately.
The first count of the indictment charges the defendant with sexual abuse in the first degree under subdivision 1 of section 130.65 of the Penal Law and reads as follows: "the GRAND JURY OF THE COUNTY OF QUEENS, by this indictment, *418 accuse the defendant of the crime of sexual abuse in the first degree committed as follows: The defendant, afore: named, on or about May 25, 1977 in the County of Queens, did subject another person namely K. N., 9 years old, to sexual contact.”
The second count of the indictment also charges sexual abuse in the first degree and reads as follows: "the grand jury of the county of queens, by this indictment, accuse the defendant of the crime of sexual abuse in the first degree committed as follows: The defendant, aforenamed, on or about June 1, 1977 in the County of Queens, did subject another person, namely K. N., 9 years old, to sexual contact.”
CPL 200.50 (subd 7), states that an indictment must contain: "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation.”
CPL 200.70 (subd 2), states in pertinent part: "nor may an indictment or superior court information be amended for the purpose of curing * * * (b) Legal insufficiency of the factual allegations.”
In People v Jackson (supra) and People v Smith (supra), the Appellate Division, Second Department, considered indictments charging the defendants with deviate sexual intercourse by forceable compulsion which constitutes the crime of sodomy in the first degree under subdivision 1 of section 130.50 of the Penal Law. In neither case did the indictments state the exact nature of the deviate sexual intercourse as that phrase is defined in subdivision 2 of section 130.00 of the Penal Law. The court found that both indictments failed to comply with CPL 200.50 (subd 7) and dismissed them as jurisdictionally defective. (See People v Guest, 53 AD2d 892; People v Barns, 44 AD2d 740; People v Clough, 43 AD2d 451; People v Ebasco Servs., 77 Misc 2d 784, 787-788.)
This court has recently applied the Jackson ruling to indictments with identically worded sodomy counts (People v Borman, Ind No. 2172/77, Feb. 6, 1978, and People v Di Benedetto, Ind No. 2061/77, Feb. 7, 1978), dismissing them sua sponte, having found that the legal insufficiency of the factual allegations could neither be cured by amendment nor waived.
The court here considers an indictment charging sexual *419 abuse in the first degree without stating the exact nature of the sexual contact with which the defendant is charged.
 The crimes of sodomy in the first degree and sexual abuse in the first degree have a marked similarity. Both crimes are defined in three virtually identical subsections. For example, the proscribed conduct in sodomy in the first degree under subdivision 3 of section 130.50 of the Penal Law is deviate sexual intercourse with a person under 11 years old. The proscribed conduct in sexual abuse in the first degree under subdivision 3 of section 130.65 of the Penal Law is sexual contact with a person under 11 years old. The gravamen of both offenses is sexual conduct with a person under 11 years old. An indictment which does not apprise the defendant of the exact nature of the sexual conduct, whether it be deviate sexual intercourse or sexual contact, does not comply with CPL 200.50 (subd 7). Such legal insufficiency of the factual allegations may neither be cured by amendment (CPL 200.70, subd 2) nor be waived (People v McGuire, 5 NY2d 523, 526; People v Douglas, 12 AD2d 194, 198).
The first and second counts of the indictment are dismissed on the court’s own motion. The People are granted leave to resubmit to a new Grand Jury.