## (May 25, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PARROTTE, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered April 8, 1974, upon a verdict convicting defendant of two counts of the crime of manslaughter in the second degree. We have examined the several contentions of the defendant and have found them to be without merit. The only matter requiring discussion is the contention that the trial court erred in denying defendant's motion to dismiss the indictment on the ground that the indictment was defective since it neglected, in violation of CPL 200.50 (subd 7), to allege facts supporting every element of the offense charged, and the defendant's commission thereof,

with sufficient precision to apprise the defendant of the accusation. Defendant contends that even though the trial court had discretion to entertain motions upon technicalities, the requirement of alleging the particular acts constituting a crime is more than a technicality—it is jurisdictional. The defendant failed to make the motion for dismissal until the trial was already in progress. Defendant did not contend that any prejudice resulted to him by the omission from the indictment of certain facts. In denying the defendant's motion, the trial court rested its decision on CPL 210.20 (subd 2) which, at the time of the trial in February, 1974, provided: "A motion pursuant to this section should be made prior to entry of a plea of guilty or commencement of trial following a plea of not guilty. A motion made thereafter may be summarily denied, and must be summarily denied if based upon a ground prescribed in paragraph (b) or (i) of subdivision one. If it is based upon any other ground, the court, in the interest of justice and for good cause shown, may, in its discretion, entertain and dispose of the motion on the merits at any time before sentence." We are bound by the provisions of CPL 210.20 (subd 2) as it existed at the time of trial. Defendant makes no claim that the provision of law then in effect was not constitutional (cf. *People v Grimsley,* 60 AD2d 980). The trial court noted that it perceived no prejudice or surprise to the defendant. On the facts here presented we do not find any abuse of the trial court's discretion. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.