■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LIBRIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Bryne, J.), rendered April 21, 1986, convicting him of vehicular assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

Given the facts of this case, the defendant could properly question on appeal the constitutionality of the statute under which he entered his guilty plea (see, *People v Pelchat*, 62 NY2d 97, 108; *People v Lee*, 58 NY2d 491, 494). However, the defendant's contention that Penal Law § 120.03 is unconstitutional because it requires a defendant to act with criminal negligence and not a more highly culpable mental state (see, Penal Law § 15.05) is incorrect. It is not violative of the Constitution of the United States to base a crime upon a finding that a defendant acted with criminal negligence (see, Penal Law § 15.05 [4]; *People v Kealey*, 33 NY2d 818, *mot to amend remittitur granted* 33 NY2d 897, *cert denied* 415 US 920; *People v Ebasco Servs.*, 77 Misc 2d 784, 786). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.