STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLARENCE BUTLER, PLAINTIFF IN ERROR.

Submitted May term, 1929—Decided October 14, 1929.

For the plaintiff in error, *William A. Hegarty*.

For the defendant in error, *Orville V. Meslar*.

Before Justices PARKER, BLACK and BODINE.

PER CURIAM.

The defendant was convicted of the carnal abuse of a woman child over the age of twelve and under the age of sixteen. The indictment charges that the defendant com-

mitted the offense on May 1st, 1928, at Dover. On December 5th, 1928, the defendant pleaded "not guilty." On February 18th, 1929, a demand was made for a bill of particulars. The defendant asked for the name of the building where the offense occurred, the time when it occurred, and whether the state intended to prove a time other than the time alleged in the indictment, and if so, what that time was.

The answer to the bill of particulars states the place and fixes the time as the summer of 1928, between the hours of six A. M. and ten P. M. For obvious reasons, the prosecutor could give no better information. The material witness, who testified that she had frequently been in the company of the defendant, could hardly be expected to fix specific dates.

The trial judge found that the answer was sufficient, and we think this ruling was proper. The rule is laid down in *State* v. *Yanetti,* 101 *N. J. L.* 85, 88.

"In *State* v. *Shapiro,* 89 *N. J. L.* 319, 322, this court held that where the date is not of the essence of the offense, it is not necessary to prove that it was committed on the date laid in the indictment. In that respect it is always open to the state to offer proof that the offense charged was committed on any day wihin the period not covered by the statute of limitations.

"We hold that in an indictment for carnal abuse the averment of the time of the commission of the act is formal and not of the essence of the offense, because it is not a legal constituent of the crime, which is a crime whenever committed; and in a prosecution for carnal abuse, proof from which it may be inferred that the offense was committed on the day named in the indictment, or on any day without the statute of limitations, is sufficient to sustain a conviction."

At the close of the state's case, the proofs were perfectly clear. True, no precise date was fixed, but the offense was shown to have occurred in the summer of 1928. Under the case of *State v. Yanetti, supra,* the ruling of the trial judge in refusing to direct a verdict for the defense was proper.

At the close of the case, the refusal of the motion to direct a verdict was proper. True, the state had shown various

times when similar offenses were committed between the same parties. The case of *State* v. *Sing Lee,* 94 *N. J. L.* 266, is not in point since in that case it was sought to amend the indictment so as to cover several offenses. In *State* v. *Lanto,* 99 *Id.* 95, the rule is stated:

"In *State* v. *Raymond,* 53 *N. J. L.* 260, it is laid down that wherever defendant's guilt of an extraneous crime tends to prove against him some particular element of the crime for which he is being tried, such guilt may be shown.

"The commission of the sexual act in one or more instances, we think, tends to prove it in another instance, and our cases so decide.

"In *State* v. *Snover,* 65 *N. J. L.* 289, this court held that in prosecutions for adultery evidence of prior offenses of like character between the same parties is admissible, although it may be shown that the accused was guilty of an extraneous offense. To the same effect are *State* v. *Jackson,* 65 *Id.* 62; *State* v. *Cannon,* 72 *Id.* 46; *State* v. *Girone,* 91 *Id.* 498; *State* v. *Faulks,* 97 *Id.* 408. The three latter cases concern carnal abuse. These are all cases where the criminal acts were between the same parties." In accord see *State* v. *Calabrese,* 99 *Id.* 312; *affirmed,* 100 *Id.* 412.

After carefully considering the ruling of the trial judge on the admission of evidence assigned as error, we conclude that his rulings were well within judicial discretion.

The cross-examination of the physician called in behalf of the defense, was in all respect proper, and it would have been a grave miscarriage of justice if the prosecution had not been permitted to probe into the meaning of the physician's testimony. The testimony of this physician made necessary the calling of an expert of the defense and the admission of his testimony was both proper and discreet.

The defense having offered medical testimony tending to show that the crime could not have been committed by the defendant, the state was under a duty to offer evidence in rebuttal. Such testimony is not collateral. *State* v. *Claymonst,* 97 *N. J. L.* 345, has no application. For the same reasons, we are of the opinion that the rebuttal testimony of

Agnes Reil and Alberta Robinson was made necessary by the testimony offered in behalf of the defendant.

It is argued that the jury were misled by the portion of the charge in which the court adverted to the statute defining the grades of carnal abuse as dependent upon the age of the child. The law seems to have been charged in a substantially correct manner. Mere inartistic expressions in a part of a charge cannot be segregated to invalidate the whole.

The trial judge refused to charge the defendant's fifteenth request. This request related to the weight to be accorded to reputation testimony. The trial judge had substantially charged the point in accordance with the law in his main charge. There must be an end to everything, and the trial judge is under no duty to repeat in different form that which he has already said in substance.

Our examination of the whole case leads us to believe that the verdict of the jury was in accordance with the evidence, and that the appeal should be dismissed.