STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HAZEL E. KING, PLAINTIFF IN ERROR.

Submitted October 2, 1945—Decided December 20, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff in error, *Walter S. Keown* and *Raymond L. Siris.*

For the defendant in error, *Gene R. Mariano,* Prosecutor of the Pleas.

The opinion of the court was delivered by

OLIPHANT, J. This writ of error brings up for review the conviction of the plaintiff in error upon an indictment charging her with having committed an abortion. Catherine Walker, upon whom the act was allegedly committed, died.

The writ brings up for review the entire record of the proceedings in the case. *R. S.* 2:195–16. It is submitted on briefs without oral argument.

There are twenty-four assignments of error and twenty-five causes for reversal. Of these seven of the former and eight of the latter are not argued and will be considered as abandoned. Those remaining are briefed under eleven points.

Sometime previous to trial a bill of particulars had been demanded by the defendant and answers were made thereto. On the trial day, just before the opening, plaintiff in error orally demanded more specific information than that contained in the answers. The first point made is that the trial court's denial of that demand for a more specific bill of particulars was error. Such a demand should have been made promptly and when not made until the case was moved for trial it was too late. *State* v. *Claypoole,* 5 *N. J. Mis. R.* 627; *affirmed,* 104 *N. J. L.* 446. Even on the merits plaintiff in error was not entitled to have the demand granted. She had asked for the exact date and time when the instrument for bringing about the abortion was used. The answer was given as "some time or times between October 29th, 1944, and November 8th, 1944," which was a sufficient particularization. The date of the offense was not of the essence of the crime. The state could have offered proof that the offense charged was committed on any day within the period not covered by the statute of limitations. *State* v. *Shapiro,* 89 *Id.* 319; *State* v. *Butler,* 7 *N. J. Mis. R.* 868; reversed on other grounds, 107 *N. J. L.* 91.

The second point is that the court erred in refusing to grant defendant's motion for a directed verdict of acquittal and it rests on two premises, that there was no evidence from

which the jury could find that Miss Walker was pregnant or that an instrument had been used upon her. We find no merit in the argument. There was evidence of sexual intercourse, cessation of menses and testimony of a medical witness as to the probability of pregnancy. Miss Walker died of peritonitis and in the opinion of another medical witness that was caused by an abortion. There was ample evidence that an instru-. ment was used to perform that abortion. If there is legal evidence from which an inference of guilt can be legitimately drawn there cannot be a direction of acquittal. *State* v. *Geiger,* 129 *N. J. L.* 13; *affirmed,* 129 *Id.* 518.

It is next argued that the court erred in permitting various character witnesses produced by the defendant to answer, over objection, the following question on cross-examination:

"If you had known she had been indicted for the crime of abortion in the year 1939, here in Camden County, subsequently tried in the criminal court and found not guilty, would your opinion of her reputation be exactly the same as it is to-day?"

The objection was made in the following language:

"I object. I didn't ask this man his opinion of this defendant. I asked him what her reputation was."

To attack the credibility of a witness generally, it may not be asked of him whether his opinion would be changed if he had known that the defendant had previously been tried and *acquitted* of a similar charge as contained in the indictment on which the defendant was then being tried. On the previous indictment defendant stood as though she had never been indicted and a question such as the one propounded ascribes to an indictment a sinister aspect.

If a proper ground for the objection had been stated we conceive it should and would have been sustained by the learned trial judge. The fallacy of the argument is that no tenable ground was stated. The legal impropriety, the vice of the question was not made known to the court. The objection, therefore, was ineffectual and there was no error in it being overruled. It might be noted in passing that the same question asked of some witnesses was not objected to, and all witnesses of whom the question was asked replied that their opinion would not be changed.

The fourth and fifth points concern rulings upon evidence. As the record discloses that no proper grounds of objection were stated to the trial judge such are not now available on appeal. Rule 144, Supreme Court.

Plaintiff in error next complains concerning a question addressed by the court to a medical witness. Here again no proper ground of objection was stated. What the court was endeavoring to do was to clarify the testimony of the witness. It is the duty of the court to examine a witness when it is deemed essential, in order to obtain a clear understanding of the testimony. 3 *Wharton's Criminal Evidence* (11*th ed.*), § 1264.

Point seven deals with questions asked by the Prosecutor of a police officer on rebuttal examination. This witness was produced to refute answers given by the defendant on cross-examination. Contradicting a defendant on rebuttal is not error, *State* v. *Simon,* 113 *N. J. L.* 521; *affirmed,* 115 *Id.* 207.

Under point eight it is claimed the court erred in refusing to permit a jury view of the *locus in quo* and in refusing to permit a reopening of defendant's case. It is admitted by counsel for defendant that these matters were within the sound discretion of the court. As to a view that is so by statute, *R. S.* 2 :96–4, and there was no abuse of discretion.

Point nine deals with alleged errors in the court's charge. A reading of it in its entirety convinces us that while the court commented on the evidence in rather positive terms, in the final analysis it was clearly left to the jury to decide for themselves all disputed questions of fact. With reference to character witnesses the court charged "In this connection a further element to consider is the fact that character testimony was offered on behalf of the defendant, which, if alone engendering reasonable doubt of her guilt, justifies an acquittal." The complaint concerning this is that, under such an instruction, the character testimony had to be considered separately, and that if, in itself, it did not engender a reasonable doubt the purpose of its offer failed. We do not so find. The jury was explicitly charged that consideration must be given by them to all the facts in the case and that if after such consideration a reasonable doubt existed they were to

acquit. It is often possible to view single sentences or expressions in a charge with disfavor but the legal accuracy of a charge must be determined when considered as a whole. *State* v. *Sage*, 99 *N. J. L.* 229. We do not find the charge biased or unfair as alleged. The accused took a general exception to it and now sets forth these grounds. Under such circumstances a reversal is not justified unless the charge resulted in prejudice or injury to the accused in maintaining her defense. *State* v. *Woodworth*, 121 *Id.* 78.

Point ten asserts error in the trial court's refusal to charge as requested respecting the burden of proof and reasonable doubt. These principles of law were fully and correctly stated in the charge as given, under which circumstances one is not entitled to the charge of a specific request. *State* v. *Lisena*, 131 *Id.* 48. The other alleged error, made under this point, that of the court's refusal to charge specifically if the miscarriage was unlawfully procured on the body of Miss Walker by any means other than an instrument used by the defendant their verdict should be one of not guilty was likewise adequately covered in the charge as given.

Under point eleven plaintiff in error argues that the verdict was against the weight of the evidence. We are satisfied from an examination of the evidence that a case for the jury was presented and that the verdict was consistent with the weight of the proof produced by the state in support of the charge of the indictment. The gravamen of the defense was an alibi so presented as to endeavor to prove that the defendant was in a different locality, some distance from the scene of the alleged crime, at all times during the period covered by the testimony of the state. This phase of the case was dealt with in an exemplary manner by the trial judge in his charge to the jury, and it was within its province to disregard all the alibi testimony, if it saw fit to do so. This it, by its verdict, did. There is nothing in the case which gives rise to an inference that the verdict was the result of mistake, passion or prejudice. See *State* v. *Treficanto*, 106 *N. J. L.* 344.

There being no error the judgment is affirmed.