6 N.J. Super. 162 (1950)
70 A.2d 761
THE STATE OF NEW JERSEY, RESPONDENT,
v.
MALACAI DAVIS, ETC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1950.
Decided January 13, 1950.
*163 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Harry Silverstein argued the cause for the appellant.
Mr. H. Russell Morss, Jr., argued the cause for the respondent (Mr. Edward Cohn, Union County Prosecutor, attorney).
The opinion of the court was delivered PER CURIAM.
This is an appeal, pursuant to leave heretofore granted under Rule 4:5, from an order denying the defendant's application for a bill of particulars.
In June, 1949, an indictment was returned against the defendant charging that between the thirteenth day of September, 1948, and the thirteenth day of November, 1948, in the Township of Union he did carnally abuse Ester Cyrus, a thirteen-year-old child. Thereafter the defendant applied under Rule 2:4-14 for a bill of particulars. The application was denied and no information beyond the indictment was then furnished to the defendant. However, in its brief, the State has set forth the pertinent details to the best of its ability and at the argument the defendant conceded that, in effect, the State has now furnished him with the particulars sought. In view of these circumstances the appeal will be dismissed; the State has, however, requested an expression of applicable principles.
Under the controlling decisions of our Courts it is clear that the indictment was sufficient. See State v. Yanetti, 101 N.J.L. 85 (E. & A. 1925). Notwithstanding its sufficiency, the defendant was privileged to make application under Rule 2:4-14 for a bill of particulars although, in view *164 of the nature of the charge, he was not entitled to have it confined to a particular day and time. See State v. Butler, 7 N.J. Misc. 868 (Sup. Ct. 1929); reversed on other ground, 107 N.J.L. 91 (E. & A. 1930); State v. King, 133 N.J.L. 480 (Sup. Ct. 1945); affirmed, 135 N.J.L. 286 (E. & A. 1947). Cf. State v. Di Giosia, 3 N.J. 413 (1950). The defendant was entitled to available information which may fairly be said to have been necessary for the preparation of his defense and it seems to us that the State, without impairing its prosecution, might properly have furnished details when the application was originally made, as it has since. No fixed result of universal application may be expressed; in each instance just disposition of the issue will depend on the particular charge and circumstances involved and, where further details have been denied by the State, determination of any application therefor will rest largely in the sound discretion of the trial Court to be exercised with due regard for the interests of both the State and the defendant.
Appeal dismissed.