■ In the Matter of the Claim of MARGARET HANNA, Respondent, v. COUNTY OF NASSAU, Appellant, and HELPING HAND, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the County of Nassau from a decision of the Workmen's Compensation Board, filed March 2, 1970, which found an employer-employee relationship. The record established that the general purpose of Helping Hand, Inc., was that of a duly licensed placement agency serving both private and social clients. While a private client is not here involved, it is obvious from the testimony in the present record that the agency would not ordinarily be an employer under the Workmen's Compensation Law. With the present social agency, County of Nassau, the manner of doing business was different to the extent that the agency paid the homemaker each week and then billed the county, plus a service charge or fee. This was necessitated because otherwise the homemaker " didn't get her money " and " sometimes it was months and she couldn't get paid ". Upon the present record the board could have found the existence of an employer-employee relationship between the homemaker and Helping Hand, Inc., or could no doubt have found the agency and the county both responsible, but it has long been established that the existence of an employer-employee relationship is a factual issue. The board found upon the present record that the county was the employer and there is substantial evidence to sustain its finding. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.

## (October 22, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. JOHNSON, Appellant.— Motion granted. Opinion amended by deleting the sentence thereof which would reverse in the interests of justice. Decision dated July 15, 1971 [37 A D 2d 218] amended to provide " Judgment reversed, on the law, and a new trial ordered." Order entered July 23, 1971 resettled to provide " Ordered that the judgment of conviction, be and hereby is reversed, on the law, and a new trial ordered. Questions of fact have been considered and the court affirms the facts and would not grant a new trial on the facts ". Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.