■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA AMAZON, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered February 28, 1975, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the second degree, two counts, assault in the third degree and harassment. The principal issue raised for review is whether it was error to admit proof in the People's case of a prior assault by this defendant upon the same complainant. The defendant insists that the alleged error is reversible in dimension when, as here, the previous criminal act is identical to one of the crimes for which the defendant is being tried. While the established rule is that evidence of unconnected, uncharged criminal conduct is inadmissible if the purpose is to

establish a predisposition to commit the crime charged *(People v Fiore,* 34 NY2d 81), such evidence may be admissible if offered for a relevant purpose other than to establish criminal propensity *(People v Jackson,* 39 NY2d 64; *People v McKinney,* 24 NY2d 180; *People v Molineux,* 168 NY 264). Unless the prior activity is directly probative of the crime charged, its admission is highly prejudicial and should be excluded from jury consideration. In *People v Molineux (supra),* the Court of Appeals listed five categories of exceptions to the general rule of inadmissibility of prior unconnected, uncharged crimes, which categories have been held to be illustrative rather than exclusive *(People v Calvano,* 30 NY2d 199). The People contend that two *Molineux* exceptions, motive and intent, are applicable herein, as well as the probative value of the prior assault to show the relationship between the complainant and defendant with respect to the two counts of unlawful imprisonment (Penal Law, § 135.10). We hold that it was correct to admit into evidence proof of the prior assault as such proof was directly probative of the essential element of the crime of unlawful imprisonment in the second degree. A person is guilty of that crime "when he restrains another person" (Penal Law, § 135.05). Since the sole issue with respect to the crime of unlawful imprisonment is whether the complainant and her five-year-old son willingly accompanied the defendant from Albany to Kingston, where they stayed overnight before returning to Albany, evidence of the prior assault upon her by defendant is singularly relevant as a probative factor in determining what her state of mind was during the trip to and from Kingston *(People v Johnson,* 37 AD2d 218, mod 37 AD2d 881, affd 30 NY2d 776). The complainant's state of mind was also highly relevant to that count of the indictment which alleged an unlawful imprisonment of her five-year-old son. The child's state of mind was irrelevant and if he were taken to Kingston "without consent" (Penal Law, § 135.00, subd 1) of his mother, he was unlawfully restrained within the intent and meaning of section 135.05 of the Penal Law. While proof of the prior assault would be lacking in probativeness with respect to the charges of assault and harassment and, therefore, highly prejudicial since the only evidence of the commission of those two crimes is that of the complainant, the testimony of the five-year-old boy having little if any probative value, nevertheless where, as here, evidence is admissible with respect to one crime and not to others the apparent conflict is unavoidable. In such a situation the defendant must ask for appropriate court instruction when the evidence is received and, equally as important, request that the court charge the jury as to the limited purpose for which the evidence was received. In the absence of such a charge, the defendant must register his exception to preserve the issue for review. Herein, the court erred in not so charging the jury but defendant's counsel, unlike in *People v Johnson (supra),* neither excepted to the charge as given nor made any requests to charge. Review of this issue therefore, is foreclosed *(People v Baker,* 23 NY2d 307; *People v Simons,* 22 NY2d 533, 541; CPL 470.15, subd 4, par [a]), and the error is not such that defendant was deprived of a fair trial and thus persuade us to invoke our right to reverse as a matter of discretion in the interest of justice *(People v Carroll,* 37 AD2d 1015; CPL 470.15, subd 6, par [a]). Defendant's other objections are without merit. The trial court satisfied the statutory requirement by conducting a *voir dire* to determine whether the five-year-old son of the complainant understood the nature of an oath (CPL 60.20, subd 2). Further, the record completely negates the conclusion that defendant's conviction was based solely on the unsworn testimony of the complainant's five-year-old son (CPL 60.20, subd 3). In the absence of abuse, the discretion of the

trial court in permitting a child under 12 to give unsworn testimony will not be disturbed. Defendant's further objections that the court's conduct with respect to the then counsel to defendant prejudiced the defendant's case, is without support in the record. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.