THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY A. MACAFEE, Appellant.

Third Department, July 24, 1980

APPEARANCES OF COUNSEL

*James M. Kerrigan* for appellant.

*Joseph Joch, District Attorney,* for respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

Defendant, who was convicted of two counts of rape in the first degree (Penal Law, § 130.35, subd 3) and one count of endangering the welfare of a child (Penal Law, § 260.10, subd 1), primarily contends that the two rape counts of the indictment were defective and should have been dismissed. We agree.

Count one of the indictment, which alleged that at unknown times between May, 1976 through December, 1977, defendant engaged in sexual intercourse with Stephanie Lynn, a female who was less than 11 years old, was patently defective. CPL 200.50 (subds 6, 7, par [a]) provides that an indictment "must" contain "[a] statement in each count that the offense charged therein was committed on, or on or about, a

designated date, or during a designated period of time" and "[a] plain and concise factual statement in each count which * * * asserts facts supporting every element of the offense charged and the defendant's * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation". CPL 210.25 (subd 1) provides that a count of an indictment is defective when "[i]t does not substantially conform to the requirements stated in article two hundred [CPL 200.10 *et seq.]*", and, therefore, under CPL 210.20 (subd 1, par [a]), count one should have been dismissed.

■ ■ Defendant, however, moved in the alternative for dismissal of count one or for a bill of particulars specifying the date on which the alleged offense took place. Although "[a] bill of particulars cannot, of course, serve to amend an indictment, nor can it ever cure a defective pleading" (Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.90, p 292),[1] the trial court accepted the People's "answering affidavit" as a bill of particulars in response to his motion.[2] The People therein set forth four specific occasions on which the alleged offenses took place, with a fifth catchall allegation that between May 19, 1976 and November, 1977, defendant raped Stephanie "at least fifteen other times". In so doing, however, the fundamental rule that "[e]ach count of an indictment may charge one offense only" (CPL 200.30, subd 1) was clearly violated *(People v Rosado,* 64 AD2d 172, 177; *People v Brannon,* 58 AD2d 34, 44; *People v Matarese,* 57 AD2d 765). Notwithstanding defendant's acceptance of the People's "bill of particulars", the substantial prejudice resulting to defendant's ability to prepare a defense to a one-count charge, amplified into one charging four offenses with a boilerplate allegation, was manifest. Indeed, the proof adduced at trial does not reveal which incident or incidents led to the indictment, the ones for which defendant was tried and convicted, or even if some of the jurors convicted defendant of one

---

1. Although a bill of particulars may, of course, be used to buttress an indictment that charges all of the elements of a crime, but in general terms tracking the language of the statute, the indictment still must allege where, when and what the defendant did in order to fulfill its basic, essential function of notifying the defendant of the crime of which he stands indicted *(People v Iannone,* 45 NY2d 589, 597-598).

2. CPL 200.90 sets forth the procedures and requirements on a motion for a bill of particulars. The sole function of a bill of particulars is to clarify and define more specifically the crimes charged in an indictment *(People v Davis,* 41 NY2d 678, 679-680); as noted, it cannot serve to amend an indictment, or cure a defective pleading.

incident while others convicted him on a second, third, fourth or others. Crimes which are independently committed and are separate and distinct from one another must be charged in separate counts of the indictment *(People v Brannon, supra,* p 44), and where, as here, a count of an indictment alleges commission of an offense on more than one occasion, the count is defective for duplicity *(People v Richlin,* 74 Misc 2d 906, 907; *People v Murray,* 32 Misc 2d 757, 759). Moreover, count one, as amplified by paragraph 4 of the People's answering affidavit, in charging that on November 16, 1977, defendant had intercourse with a child less than 11 years old by forcible compulsion, alleged two crimes (Penal Law, § 130.35, subds 1, 3) and, therefore, violated the rule proscribing duplicitous counts in an indictment (CPL 200.30, subd 1; Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.30, p 215).

Count two of the indictment alleged that on or about June of 1977, at a time unknown, defendant engaged in sexual intercourse with Tammie Jean, a female who was less than 11 years old. Although count two standing alone, arguably complied with CPL 200.50, it was defective upon the ground of duplicity as discussed above. In their answering affidavit, the People alleged, with respect to count two, that defendant raped Tammie in June of 1977 in a "cornfield near his residence", and on "two other occasions in 1977".

The trial court's conclusion that the answering affidavit was sufficient with respect to the allegations of sexual intercourse was, therefore, erroneous and cannot be upheld. Accordingly, the conviction of the two counts of rape must be reversed and counts one and two of the indictment dismissed, with leave to the People to resubmit the rape charges to another Grand Jury.

■ Finally, the conviction for endangering the welfare of a child under the eighth count of the indictment must be reversed and a new trial ordered thereon. Although this count of the indictment complied with the requirements of CPL article 200, and the proof was adequate to support the conviction thereon, the cumulative effect of numerous errors committed in the course of the trial, require reversal. Specifically, evidence that the defendant engaged in sexual activities with persons other than the victims alleged in the indictment was improperly admitted (see *People v Johnson,* 37 AD2d 218, 219-220, amd 37 AD2d 881, affd 30 NY2d 776); the improper

issuance by the prosecutor's office of subpoenas to potential defense witnesses was sufficiently egregious to warrant reversal in the interests of justice (CPL 210.40); the failure of the prosecution to promptly reveal to the defense the clearly exculpatory medical reports of the physicians who examined the girls was highly improper; and the remarks of the prosecutor on summation to matters not in evidence was likewise highly prejudicial. We reach no other issues.

The judgment should be reversed, on the law, counts one and two of the indictment dismissed, with leave to the People to resubmit the rape charges to another Grand Jury, and a new trial ordered on count eight of the indictment.

KANE, STALEY, JR., MIKOLL and CASEY, JJ., concur.

Judgment reversed, on the law, counts one and two of the indictment dismissed, with leave to the People to resubmit the rape charges to another Grand Jury, and a new trial ordered on count eight of the indictment.