■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK CHARLES PRIES, Appellant. — Judgment unanimously reversed, on the law, and indictment dismissed, with leave to the People to resubmit the charges to another Grand Jury. Memorandum: Defendant was indicted of one count of rape in the third degree (Penal Law, § 130.25, subd 2), the indictment alleging that "on or about and between May 1978 and April 1979" defendant, who was 21 years or older, engaged in sexual intercourse with a female who was less than 17 years old. Defendant's motion to dismiss the indictment, for lacking specificity in stating the date on which the offense charged was committed, was denied, the court holding that a bill of particulars would resolve any problems with specificity. The District Attorney's bill of particulars, narrowing the date to "the Summer of 1978, and the Fall of 1978, and the later two weeks of April, 1979", was still insufficient to provide specific dates, and the court conducted an *in camera* examination of the victim at which she testified to specific dates. Defendant was convicted, after a nonjury trial, of one count of rape in the third degree (Penal Law, § 130.25, subd 2). The indictment did not sufficiently designate the dates of the offense for which defendant was being charged (CPL 200.50, subds 6, 7, par [a]), and should have been dismissed as defective. Even had the bill of particulars set forth specific dates, such a method is insufficient to cure a defective indictment *(People v MacAfee,* 76 AD2d 157). Furthermore, accepting eight specific dates from the victim in satisfaction of the statutory indictment requirements violated the rule that each count of an indictment may charge only one offense (CPL 200.30, subd 1), and the count would be defective for duplicity *(People v MacAfee, supra);* multiple rapes of the same victim do not constitute a continuing offense, rather each act of intercourse

is a separate and distinct offense *(People v Brown,* 66 AD2d 223). (Appeal from judgment of Cattaraugus County Court — rape, third degree.) Present — Dillon, P. J., Callahan, Doerr, Moule and Schnepp, JJ.