COMMONWEALTH *vs.* THOMAS W. LAMORY. June 25, 1982. The defendant has appealed from his convictions by a jury on five pairs of indictments framed under G. L. c. 265, §§ 13B (as in effect prior to St. 1980, c. 459, § 4) and 22A (as appearing in St. 1974, c. 474, § 2). The victim named in two of the pairs was the defendant's daughter; the victim named in the other three was his son. According to the indictments, the various offences were committed "on or about" five different dates ranging from July of 1977 through May of 1978. On the evidence, all the offences were committed in the course of overnight visits which the children made to the defendant's home roughly twice a month throughout the aforementioned period. 1. For reasons akin to those expressed in *Commonwealth* v. *Vernazzarro,* 10 Mass. App. Ct. 897, 898 (1980), there was no abuse of discretion or other error of law in the denial of the defendant's shotgun motion for more specific answers to his various motions for particulars. 2. The testimony of the son that the defendant had committed on him the same offences as those alleged in the indictments "almost [or "mostly"] every time we went there" was of undoubted relevance, and, in the absence (as here) of any request for a limiting instruction, the admission of that testimony in evidence does not require a new trial. *Commonwealth* v. *Bemis,* 242 Mass. 582, 585 (1922). *Commonwealth* v. *Piccerillo,* 256 Mass. 487, 489-490 (1926). See also *Commonwealth* v. *Machado,* 339 Mass. 713, 714-715 (1959); *Commonwealth* v. *Cutler,* 356 Mass. 245, 248-249 (1969); *Commonwealth* v. *Greene,* 12 Mass. App. Ct. 982 (1981). Contrast *Commonwealth* v. *Ellis,* 321 Mass. 669, 670 (1947); *Commonwealth* v. *Welcome,* 348 Mass. 68, 70-71 (1964). 3. None of the other questions that have been argued requires separate discussion. 4. The judgments on Indictments Nos. 79-992, 79-993, 79-1015, 79-1019 and 79-1023 are affirmed. As the sentences imposed on Indictments Nos. 79-994, 79-996, 79-1017, 79-1021 and 79-1024 were in excess of

those permitted under G. L. c. 265, § 13B, as appearing in St. 1958, c. 189, the defendant is to be resentenced on those indictments.

*So ordered.*

*John P. Courtney* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.