**Charles COVINGTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–203.**

Court of Appeals of Alaska.

July 26, 1985.

Larry Cohn and Carl Forsberg, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Charles Covington was convicted of two counts of lewd and lascivious acts towards a child, former AS 11.15.134, and four counts of sexual assault in the first degree, former AS 11.41.410(a)(4)(B). He received a composite sentence of forty years with ten years suspended. Covington appeals, challenging his conviction and sentence. We reverse Covington's conviction and remand for a new trial.

## FACTS

Covington's victim was his natural daughter, D.C.O. She testified at trial that Covington began sexually abusing her when she was nine or ten years old. D.C.O. was eighteen years old at the time of trial. D.C.O. testified that Covington slept with her, touched her breasts, and penetrated her vagina with his finger. After D.C.O.'s mother's death in November 1977 when D.C.O. was thirteen years old, Covington told her that she reminded him of her mother and had D.C.O. sleep with him in his bed.

Shortly before D.C.O.'s sixteenth birthday, Covington began having sexual intercourse with her. D.C.O. testified that she had sexual intercourse with Covington "practically every night," until she moved out in March 1983. Covington allegedly told her that he did not want her to "grow up naive like [her] mother."

C.C., D.C.O.'s brother, the thirteen-year-old son of the defendant, also corroborated D.C.O., testifying that on Mother's Day 1982 he saw an empty condom package on the night table next to the bed in which Covington and D.C.O. were sleeping but that he could not see if they had clothes on, nor could he remember if the door of the bedroom had been shut. He also testified that throughout 1982 his father and sister were sleeping in the same bed.

Covington testified in his own defense. He conceded that he had slept in the same bed with D.C.O. from August or September 1979 until D.C.O. moved out in March 1983, but contended that he had never fondled or penetrated her with his fingers or penis. He stated that the bedroom door was always open and that D.C.O. had slept with him at her own request and not because of anything he said or did. He also denied the truth of earlier out-of-court tape recorded statements in which he admitted having had sexual intercourse with D.C.O. after her sixteenth birthday. Covington's testimony also suggested that D.C.O. was motivated to lie in order to obtain custody of her younger sister and prevent Covington from moving out of state with her.

## I.

Covington challenges the indictment and the trial court's refusal to grant him a bill of particulars. The indictment charged Covington as follows:

Count I charged lewd or lascivious acts occurring "from on or about the month" of July 1978 through December 4, 1978, "at or near Fairbanks."

Count II charged lewd or lascivious acts "from on or about" January 1, 1979, through December 4, 1979, "at or near Fairbanks."

Count III charged sexual penetration "on or about" October 1, 1981, through December 4, 1981, "at or near Fairbanks."

Count IV charged sexual penetration "on or about" January 1, 1982, through October 1, 1982, "at or near Fairbanks."

Count V charged sexual penetration "on or about" October 2, 1982, through November 1, 1982, "at or near Fairbanks."

Count VI charged sexual penetration "on or about" November 2, 1982, through December 4, 1982, "at or near Fairbanks."

Covington argues that the trial court abused its discretion in denying his pretrial motion for a bill of particulars or, in the alternative, his motion to dismiss the indictment. He contends that the indictment violated due process because it was not sufficiently specific to inform him of the nature and cause of the accusation. Ak. Const. art. 1, § 11; U.S. Const. amend. VI; *see also* AS 12.40.100; Alaska R.Crim.P. 7(c).[1]

---

**1.** Alaska Statute 12.40.100 states:

*Contents of Indictment.* (a) The indictment shall be direct and certain as it regards
 (1) the party charged;
 (2) the crime charged; and

(3) the particular circumstances of the crime charged when they are necessary to constitute a complete crime.

(b) The statement of the facts constituting the offense shall be in ordinary and concise

Covington argues that the indictments must be sufficiently clear to avoid surprise as to the specific acts and specific dates upon which those acts occurred. He argues that he was prejudiced because D.C.O. testified for the first time at trial that sexual intercourse had begun in October 1980, a year earlier than alleged before the grand jury or in the indictment. He points out that D.C.O. testified before the grand jury that sexual intercourse began in 1981.[2] The state argues that no bill of particulars was necessary and the indictment was sufficient in this case. It relies on authorities which hold that leeway is necessary in charging sexual abuse and sexual intercourse with minors because children who are the victims of abuse may find it difficult to recall precisely the dates of offenses against them months or even years after the offense has occurred. *See People v. Fritts*, 72 Cal.App.3d 319, 140 Cal.Rptr. 94 (1977); *State v. Roberts*, 101 Idaho 199, 610 P.2d 558, 559 (1980); *State v. Wonser*, 217 Kan. 406, 537 P.2d 197 (1975); *Commonwealth v. Lamory*, 14 Mass.App. 925, 436 N.E.2d 992 (1982); *Commonwealth v. Vernazzarro*, 10 Mass. App. 897, 409 N.E.2d 1326 (1980); *State v. Healey*, 562 S.W.2d 118, 129–30 (Mo.App. 1978); *State v. Davis*, 6 N.J.Super. 162, 70 A.2d 761 (1950). The state quotes *State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (1980), for the proposition that allegations of lewd and lascivious conduct with a minor "on or about the months between June and September 1976," and "on or about the months of May, 1976 [and] June, 1976" were:

> set forth with sufficient specificity to allow [the defendant] to prepare his defense and to protect him from double jeopardy.

610 P.2d at 559. The state reasons that this is particularly true where the defense is a "blanket denial" of sexual activity with the victim as opposed to an alibi defense as to specific dates. *State v. Roberts*, 610 P.2d at 559; *People v. Fritts*, 140 Cal.Rptr. at 97. *See also People v. Long*, 55 Ill. App.3d 764, 13 Ill.Dec. 288, 370 N.E.2d 1315 (1977).

A review of the transcript bears out the state's contention that no unfairness occurred here. In the instant case, D.C.O. testified at trial that her father began having sexual intercourse with her shortly before her sixteenth birthday. She became confused about whether it was 1980 or 1981 but remembered that it had started in October because her father later celebrated the occasion as their "anniversary." D.C.O. told the grand jury that the defendant began having sexual intercourse with her in October 1981. Covington testified that he had never had sexual intercourse or sexual contact with his daughter at any time. He admitted, however, that he had been sleeping with her on an almost nightly basis since 1979. Thus Covington's denial, in the state's view, was just as effective as it would have been if the indictment had been more specific. *State v. Roberts*, 610 P.2d at 559; *People v. Long*, 13 Ill.Dec. at 295, 370 N.E.2d at 1322. We generally agree with the state, and the authorities cited by the state, that the indictment was sufficient to alert Covington to the elements of the offenses he allegedly committed and sufficiently informed him so that he could defend himself and protect himself against further prosecutions for the same offense. *See, e.g., Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240, 250–51 (1962); *Price v. State*, 437 P.2d 330, 331 (Alaska 1968); *Adkins v. State*, 389 P.2d 915, 916 (Alaska 1964). We also agree with the state that the broad rights to discovery granted a criminal defendant under the

language, without repetition, and in a manner which will enable a person of common understanding to know what is intended.

Alaska Rule of Criminal Procedure 7(c) states in pertinent part:

The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . .

2. Covington was not convicted of any acts of sexual penetration of D.C.O. prior to October 1980.

Alaska Rules will render a bill of particulars unnecessary in most cases. *See* Alaska R.Crim.P. 16; *Lupro v. State*, 603 P.2d 468, 472 (Alaska 1979).

 The facts of this case, however, raise a more significant issue—that of Covington's right to a unanimous verdict. In considering this issue, we start with the premise that the accused has a right to a unanimous verdict: a conviction may properly be entered only if the jury unanimously finds that all essential elements of the offense charged were proved beyond a reasonable doubt. Thus all jurors must agree that the defendant committed a single offense. *State v. James*, 698 P.2d 1161 (Alaska 1985). Where one jury instruction may encompass two separate incidents, the trial judge must instruct the jury that if a guilty verdict is returned, the jurors must be unanimous as to the incident or incidents of which they find the defendant guilty. *James*, 698 P.2d at 1166, *citing Burrell v. United States*, 455 A.2d 1373, 1379 (D.C.App.1983). *See also Johnson v. Louisiana*, 406 U.S. 356, 362, 92 S.Ct. 1620, 1624, 32 L.Ed.2d 152, 159 (1972). In *James*, the supreme court was concerned with the application of this rule to a charge of a single offense where the state introduced evidence indicating different means of committing the same offense. The court held that the jury need not be unanimous regarding the means used to commit a single offense, reversing *James v. State*, 671 P.2d 885 (Alaska App.1983).

 The situation is substantially different here. The state charged Covington with separate counts of lewd and lascivious acts and sexual assault but proceeded at trial to present evidence of numerous separate criminal acts. D.C.O. was unable to recall any specific events or dates which would distinguish the circumstances of one assault from another. C.C. did corroborate, in part, a separate incident on Mother's Day of 1982 when he observed the empty condom package. Under these circumstances, there is substantial doubt that the jury convicting Covington of each count had a specific incident in mind. While we agree with the state's authorities that an indictment is sufficient which charges a specific incident, the precise date of which the witness is uncertain, the witness must nevertheless have a specific incident in mind. Sexual abuse of a minor is not a "continuing offense." *See State v. Petrich*, 101 Wash.2d 566, 683 P.2d 173, 176–77 (1984) (where a number of sexual incidents occur at separate times and places, and the only connection between incidents is identity of the victim, a continuing offense has not been proved). In *Petrich*, the court reached the following conclusions regarding protection of the defendant's right to unanimous verdict:

> When the evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected. We therefore adhere to the *Workman* rule, [*State v. Workman*, 66 Wash. 292, 119 P. 751 (1911) (where the evidence tends to show two separate commissions of the crime, prosecutor must elect between them)] with the following modification. The State may, in its discretion, elect the act upon which it will rely for conviction. Alternatively, if the jury is instructed that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, a unanimous verdict on one criminal act will be assured. When the state chooses not to elect, this jury instruction must be given to ensure the jury's understanding of the unanimity requirement.

683 P.2d at 178.

> We also agree with the Washington court's reasons for adopting this rule:

> These options are allowed because, in the majority of cases in which this issue will arise, the charge will involve crimes against children. Multiple instances of criminal conduct with the same child victim is a frequent, if not the usual, pattern. Note, *The Crime of Incest Against the Minor Child and the States' Statutory Response*, 17 J.Fam.Law 93, 99 (1978–79). Whether

the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion. Many factors are weighed in making that decision, including the victim's ability to testify to specific times and places. Our decision in this case is not intended to hamper that discretion or encourage the bringing of multiple charges when, in the prosecutor's judgment, they are not warranted. The criteria used to determine that only a single charge should be brought, may indicate that the election of one particular act for conviction is impractical. In such circumstances, defendant's right to a unanimous verdict will be protected· with proper jury instructions.

*Id.*

In the instant case, the state did not elect ͏ specific incidents, nor was a clarifying instruction given. Under these circumstances, we find reversible error and remand for new trial.[3]

## II.

■ Covington filed a motion for a protective order prohibiting the state from introducing evidence of alleged sexual relations between Covington and D.C.O., occurring prior to July 1978 and after December 1982. The trial court denied Covington's motion in reliance on *Burke v. State*, 624 P.2d 1240 (Alaska 1980). In *Burke*, the supreme court considered this issue in the context of Evidence Rule 404(b)[4] and Evidence Rule 403.[5] The court noted that where the specific crime charged was sexual abuse of a minor, the common law position supported by an overwhelming majority of states is that evidence of prior similar conduct with the same victim is admissible. 624 P.2d at ·1247. The court affirmed admissibility of the evidence stressing that all of the acts involved the same victim. The court accepted two closely related rationales: first, the evidence tended to establish the ongoing relationship between the accused and the victim and explained, in part, the victim's inability to specifically describe separate incidents; and, secondly, it served to explain the victim's testimony in its context, particularly indicating why she might acquiesce in the defendant's demands. 624 P.2d at 1249–50. We believe both of those rationales are applicable here and justify the admission of the evidence. Given our holding today that the prosecution must either elect to prove a particular incident or that the jury must be instructed that it must unanimously agree on a particular incident, we believe the evidence is highly material to explain the witness' difficulties in specifying incidents so that her testimony may be considered in the context in which it arose. We find no error.

## III.

Covington argues that the trial court erred in refusing to permit extrinsic evidence that D.C.O. had made false charges of sexual assault. During *voir dire*, D.C.O. admitted that she had made accusations against her grandfather and a man by the name of J.D. The trial court precluded the defense from calling the grandfather to deny the accuracy of the charges. Covington contends that the evidence was admissi-

---

**3.** A number of courts have reached similar results utilizing slightly different legal theories. *See, e.g., People v. Creighton*, 57 Cal.App.3d 314, 129 Cal.Rptr. 249 (1976); *People v. Abdullah*, 134 Cal.App. 155, 25 P.2d 40 (1933); *State v. Pace*, 187 Or. 498, 212 P.2d 755 (Or.1949). *Cf. People v. Pries*, 81 A.D.2d 1039, 440 N.Y.S.2d 116 (1981); *People v. MacAfee*, 76 A.D.2d 157, 431 N.Y.S.2d 149 (1980) (requiring specific acts and dates to be spelled out in the indictment).

**4.** Alaska Rule of Evidence 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person or to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**5.** Alaska Rule of Evidence 403 provides:
Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

ble to challenge D.C.O.'s credibility and its exclusion violated his sixth amendment right to confront the witnesses against him. *See, e.g., Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353–54 (1974). The state argues that the evidence was irrelevant since past incidents had nothing to do with whether the victim had been sexually assaulted by Covington. Further, the state argues that a swearing contest between the victim and her grandfather would not have assisted the jury in evaluating her credibility. *See, e.g.,* A.R.E. 403; *Dyer v. State,* 666 P.2d 438 (Alaska App.1983). This issue has received substantial attention in the reported cases. *See, e.g.,* 3A *Wigmore on Evidence* § 963 (Chadbourn rev. ed. 1970). The state does not contend, and the trial court did not hold, that the evidence of prior accusations by D.C.O. was precluded by Alaska's rape-shield statute. *See, e.g.,* AS 12.45.045; A.R.E. 404(a)(2). *See Commonwealth v. Bohannon,* 376 Mass. 90, 378 N.E.2d 987 (1978).

■ A majority of the courts which have considered the issue permit such evidence only if the defendant makes a showing out of the presence of the jury that the witness' prior allegations of sexual assault were false, as, for example, where the charges somehow had been disproved or where the witness had conceded their falsity. *See, e.g., State v. Hutchinson,* 141 Ariz. 583, 688 P.2d 209, 211–13 (App.1984); *People v. Alexander,* 116 Ill.App.3d 855, 72 Ill.Dec. 338, 452 N.E.2d 591 (1st Dist.1983); *Commonwealth v. Bohannon,* 378 N.E.2d at 991–92; *State v. Anderson,* 686 P.2d 193, 198–201 (Mont.1984); *State v. Demos,* 94 Wash.2d 733, 619 P.2d 968, 970 (1980). We find this approach appropriate and adopt this rule for Alaska. We hold that a defendant who wishes to use this kind of evidence at trial must obtain a preliminary ruling from the trial court that it is admissible. The matter should be brought up out of the jury's presence.

In the instant case, defendant's offer of proof did not establish the falsity of the alleged prior complaints. We assume that on remand Covington will be given a reasonable opportunity to attempt to show the falsity of the prior accusations.

The judgment of the superior court is REVERSED. This case is REMANDED for new trial.[6]

---

**6.** Covington raises three other issues which our disposition makes it unnecessary to reach. He contends that, first, the trial court abused its discretion in denying him the opportunity to depose witnesses prior to trial; second, the trial court abused its discretion in denying a new trial; and third, the trial court imposed an excessive sentence.