■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES W. SCOTT, Appellant.—Judgment unanimously modified on the law, in the exercise of discretion and in the interest of justice, and as modified affirmed and defendant is remanded to Supreme Court, Erie County, for resentencing, in accordance with the following memorandum: On this appeal by defendant from his conviction of robbery in the second degree and criminal possession of a weapon in the third degree, we conclude that there is no merit to any of the contentions raised by defendant in his brief. In particular, we conclude that the prosecutor provided a race-neutral explanation for his peremptory exclusion of a black juror, that the evidence is sufficient to convict defendant of complicity in the robbery, and that the sentence imposed by the court is not harsh and excessive. Nevertheless, because of a fundamental defect in the jury verdict, we modify the judgment by reducing defendant's conviction for second degree robbery to one for third degree robbery.

The indictment charged defendant with first degree robbery under Penal Law § 160.15 (4) (forcibly stealing property and displaying a loaded revolver). Rather than submitting that charge, the court submitted second degree robbery as a lesser included offense based on alternative theories: that defendant forcibly stole property when aided by another person actually present (Penal Law § 160.10 [1]) (which, we note, is not a lesser included offense of first degree robbery) and/or that he forcibly stole property and displayed a revolver (Penal Law § 160.10 [2] [b]). The court instructed the jury that it could find defendant guilty of a single count of second degree robbery under either or both theories and, although it informed the jury that its verdict must be unanimous, did not inform the jury that it had to be unanimous with respect to either theory. The jury found defendant guilty of second degree robbery but, in accordance with the court's instructions, did not reveal the theory under which it rendered its verdict.

Although defendant did not object either to the court's submission of those alternative theories or to the form of the jury's verdict, there is a fundamental defect in the jury verdict (cf., People v Keindl, 68 NY2d 410, 418). Because we cannot determine under which theory the jury found defendant guilty, the possibility exists that the jury was split between the two theories and did not render a unanimous verdict under either statutory subdivision (see, People v Keindl, supra; People v MacAfee, 76 AD2d 157, 159-160). Nevertheless, from the form of the jury verdict and from the court's instructions, we can infer that all 12 jurors found

defendant guilty under one theory or the other. Since the only difference between the two theories concerns their aggravating elements, and since their common elements include the forcible theft of property, the gravamen of third degree robbery (Penal Law § 160.05), we can determine that defendant was unanimously found guilty of elements constituting third degree robbery. In these circumstances, we deem it appropriate to reduce the conviction for second degree robbery to one for third degree robbery. Defendant is remanded to Supreme Court, Erie County, for resentencing on that conviction. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, second degree.) Present—Denman, J. P., Green, Pine, Lawton and Lowery, JJ.