■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY R. GIORDANO, Appellant. [745 NYS2d 598] —Mercure, J.P. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered January 23, 2001, upon a verdict convicting defendant of the crimes of robbery in the second degree, grand larceny in the third degree and harassment in the second degree.

On February 25, 1998, defendant committed an armed robbery at an Off Track Betting parlor in the Village of Fort Plain, Montgomery County. During the course of the robbery, defendant displayed a toy pistol to betting parlor employees Yvonne Fisher and Myra Fox. The incident was brought to an abrupt conclusion when Fisher struck defendant in the face with the lid of her cash drawer and tore away a bandana that he wore over his nose and mouth. Fisher then chased defendant from the building and down the street, where she was joined by passerby Richard Smith, who struck defendant as the latter was getting into his car. Although defendant escaped from the scene, he was apprehended a short time later at a police roadblock. Following a jury trial, defendant was convicted on all counts of the indictment; this Court reversed the convic-

---

tions, however, because of the People's failure to turn over *Rosario* material (274 AD2d 748). Upon retrial, a jury convicted defendant of the crimes of robbery in the second degree, grand larceny in the third degree and harassment in the second degree and defendant was sentenced as a second violent felony offender to concurrent prison terms aggregating 10 years. Defendant now appeals.

Initially, we are unpersuaded by the challenges to defendant's conviction on the first count of the indictment charging robbery in the second degree in violation of Penal Law § 160.10 (2) (b), which has an aggravating element of the display of a firearm in the course of the commission of the crime or of immediate flight therefrom. In our view, County Court's instructions to the jury on that count, which constituted a near-verbatim recitation of the pattern jury instruction (*see,* CJI2d[NY] Penal Law § 160.10 [2] [b]), adequately communicated the requirement of *People v Lopez* (73 NY2d 214) that the People prove not only that the actor consciously displayed or manifested the presence of something that could reasonably be perceived as a firearm, but also that the person to whom the item was displayed or manifested perceived it as such.

We also reject the contention that the jury's verdict on the first count of the indictment suffered from an "inherent defect" (which, based on defendant's analysis and supporting authority, we perceive as a claim that the count was duplicitous [*see,* CPL 200.30]) in that there may have been a lack of unanimity among the jurors on the issue of whether the display occurred "[i]n the course of the commission of the crime" or, as an alternative, during "immediate flight therefrom" (Penal Law § 160.10 [2]). It is noteworthy that *People v Scott* (159 AD2d 975), the sole legal authority provided for defendant's argument, and *People v Keindl* (68 NY2d 410, 417-418) and *People v MacAfee* (76 AD2d 157, 160), the cases relied upon by the *Scott* court, all deal with the situation where a single count of an indictment, or lesser included offenses thereof, charge the commission of two or more separate and distinct crimes, either defined in different statutory provisions or defined in the same statutory provision but committed on multiple occasions, a clear-cut violation of CPL 200.30.

None of those cases addresses the situation presented here, i.e., "where the subdivision or paragraph that defines an offense prescribes * * * alternative *means* of committing it" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.30, at 438 [emphasis in original]). "In

such cases the alternative means may be alleged in a single count and—assuming sufficient proof—also may be submitted to the jury" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.30, at 439). Although "certain factual circumstances might raise an interest of justice concern that the jury could find the defendant guilty without unanimous agreement on the means by which the defendant committed the crime—even though that would not directly violate the statutory bar or the due process rights of the defendant" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.30, at 439), we do not view this as such a case. Carrying defendant's analysis to its logical conclusion would require a separate count for each and every person who may have perceived the display of a weapon, an absurd result. Further, although not necessary for our determination, we also note that there is no evidence that Smith actually perceived the display of a weapon in the course of defendant's immediate flight from the betting parlor.

Concluding our consideration of the assertions of error aimed at the conviction on the first count of the indictment, we also reject defendant's legal sufficiency and weight of the evidence challenges (*see, People v Bleakley*, 69 NY2d 490, 495). Fisher and Fox both testified as to their subjective belief that the toy pistol displayed by defendant was a real firearm (*see, People v Lopez*, 73 NY2d 214, *supra*). Under the circumstances, defendant's supposition that a person operating under the belief that defendant possessed a weapon capable of causing death or grave injury would not have attacked and pursued defendant, as the evidence showed Fisher did, is unconvincing.

As a final matter, we reject the contention that County Court erred in its refusal to reopen the combined *Dunaway-Wade-Mapp-Huntley* hearing following our reversal of defendant's convictions resulting from his first trial because of the People's failure to turn over *Rosario* material at trial. First, defendant's reliance upon CPL 470.55 (2) is misplaced, for that statutory provision applies only in cases where the judgment of conviction arose out of a guilty plea. Second, defendant's analysis overlooks the critical distinction between CPL 240.45, which requires the People to provide *Rosario* material at trial whether it is requested or not, and CPL 240.44, which requires the People to produce *Rosario* material at a pretrial hearing only "upon request of the other party" (*see, People v Duprey*, 174 AD2d 835, 836, *lv denied* 79 NY2d 856). Where, as in this case, no request is made for *Rosario* material at a pretrial hearing, the defendant has no right to complain of the People's failure

to produce the material at that stage of the proceedings (*see, id.*). The fact that subsequent events raised serious doubts as to whether the People could have fully complied with such a request, had it been made, strikes us as irrelevant because the effect of defendant's failure to make the request is that the issue is unpreserved for our consideration (*see,* CPL 470.05 [2]).

Defendant's remaining contentions were either raised and rejected on the prior appeal, are unpreserved for our consideration or have been considered and found to be unavailing.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.